## 58578. MURPHINE v. HOSPITAL AUTHORITY OF FLOYD COUNTY.

UNDERWOOD, Judge.

Murphine, unhappy because the hospital authority, his employer, failed to promote him on the basis of seniority, sued the employer in a four-count complaint, alleging as the "operative fact" that the employer had made an oral representation that his promotion would be based upon seniority. The trial court granted the employer's motion for summary judgment, and Murphine appeals. We affirm.

Count 3, in which "negligence" is alleged "in wrongfully causing the termination of plaintiff's employment," can afford no relief since it appears from

Murphine's deposition that he voluntarily resigned; and Count 2 alleging "negligent misrepresentation" as to promotion by seniority must take the fortunes of the fraud count since there was either an intentional misrepresentation or none at all.

As to that count, as well as to the contract count, Murphine in his brief "concedes that if said contract was terminable at will, under the present allegations of his complaint, an action for breach of contract (Count 1 of said complaint) and for fraud (Count 4 of said complaint) would not lie." Murphine thus concedes himself out of court, for in his deposition he testified: "Q. When you came to work at Floyd Hospital, was it your understanding when you were employed that you could resign at any time you wanted to? A. Yes, sir. Q. Was it your understanding that you could be discharged by the hospital at any time they wanted to? A. Yes, sir."

Thus, the contract was for an indefinite term and was terminable at will; and, as Murphine concedes in these circumstances, no claim for failure to promote can be maintained. "It is the general rule that a hiring indefinite as to time is terminable at the will of either party and creates no executory obligations." *Lowe v. Royal Crown Cola Co.,* 132 Ga. App. 37, 40-41 (1) (207 SE2d 620) (1974). "The oral promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable." *Ely v. Stratoflex, Inc.,* 132 Ga. App. 569, 572 (208 SE2d 583) (1974).

While Murphine contends that the employer's establishment of a grievance procedure somehow changed the contract into something other than one terminable at will, no authority is cited which supports that contention, and a similar argument was rejected in *Hill v. Delta Air Lines,* 143 Ga. App. 103, 104 (3) (237 SE2d 597) (1977).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 26, 1979 — DECIDED OCTOBER 11, 1979 —

*Robert J. Evans,* for appellant.

*Oscar Smith,* for appellee.