### 68770. CANNON v. GENEVA WHEEL & STAMPING CORPORATION.
(322 SE2d 69)

QUILLIAN, Presiding Judge.

This is an appeal from a directed verdict on the fraud count in a two-count action for breach of contract of employment and fraud in the inducement.

Plaintiff-appellant Cannon is an experienced tire salesman. In early 1981 he began talking to defendant-appellant Geneva Wheel and Stamping Corporation's sales manager about selling their product (trailer wheels with mounted tires) on a commission basis. Geneva was interested and proposed a contract. Cannon testified at trial that before a written contract was executed "they told me that I would be able to work there as long as I wanted to work; in other words, as long as I felt like I wanted to do this." A written commission sales contract was executed by Cannon and Geneva effective March 1, 1981, which provided: "This agreement may be terminated for any reason by either party upon a 30-day written notice to the other." Cannon testified that he started to perform under the oral promise of employment and continued to do so under the written contract, making sales and being credited with commissions through May 1981, when he took a vacation. Upon his return he received a written notice of termination of the contract from Geneva effective July 16, 1981. After his termination Cannon commenced this action for breach of the contract to recover unpaid sales commissions and for fraud in the inducement alleging that "Geneva promised and represented that it would employ [him] for as long as he was a capable and effective sales representative." During trial the trial court directed a verdict for Geneva on the

fraud count and the jury returned a verdict for Cannon on the alleged breach of contract of nearly $38,000.

In four enumerations of error Cannon asserts the trial court erred in directing the verdict on the fraud count. *Held*:

The oral promise of employment, alleged for as long as Cannon was a capable and effective sales representative and testified to as for as long as Cannon wanted to work, amounted to the same thing as permanent employment or employment for life, which was terminable at will and unenforceable; and fraud cannot be based upon an unenforceable promise.

"The law is well settled that *'in the absence of a controlling contract,* "permanent employment,", "employment for life," "employment until retirement" is employment for an indefinite period, terminable at the will of either party, which gives rise to no cause of action against the employer for alleged wrongful termination. [Cit.]' *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (250 SE2d 442) (1978). (Emphasis supplied.) Such a contract must be in writing. 'To make the following obligations binding on the promissor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz: Any agreement (except contracts with overseers) that is not to be performed within one year from the making thereof.' Code Ann. § 20-401 (5) [now OCGA § 13-5-30]." *American Standard v. Jessee*, 150 Ga. App. 663 (1) (258 SE2d 240).

" '[E]ven if we concluded that there had been part performance and that the Statute of Frauds does not apply, the contract is nevertheless for an indefinite hiring and for that reason is unenforceable.' *Ely v. Stratoflex*, 132 Ga. App. 569, 571 (208 SE2d 583)." Id. at 665.

"Nor does plaintiff's allegation that . . . he was, 'defrauded,' state a claim for relief. It is well settled that '[a]lthough fraud can be predicated on a misrepresentation as to a future event where the defendant knows the future event will not take place . . . *fraud cannot be predicated on a promise which is unenforceable at the time it is made.' [Cit.] And this is controlling in the instant case 'because the promises [of lifetime employment] upon which the promisee relies for establishing fraud were unenforceable even absent any fraud at the time of their utterance. The oral promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable.' Ely v. Stratoflex, 132 Ga. App. at 572, supra."* Id. at 665-666. (Emphasis supplied.)

Accordingly, there was no error in granting a directed verdict as to fraud.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 5, 1984.

*Gary Flack, Barry W. Bishop, David L. Cannon,* for appellant.
*Shepherd L. Howell,* for appellee.