73608. ALSTON et al. v. BROWN TRANSPORT CORPORATION.
(356 SE2d 517)

CARLEY, Judge.

Appellant-plaintiffs are current and former employees of appellee-defendant Brown Transport Corporation. Count 1 of appellants' complaint alleged that agents for appellee had made fraudulent oral misrepresentations in order to induce them to accept or maintain employment with appellee. In Count 2, appellants asserted a breach of contract claim based upon appellee's failure to perform according to the alleged oral promises.

Appellee moved for summary judgment. The undisputed evidence showed that appellants were hired by appellee as "casual" dockworkers and that they had never executed written contracts of employment. Appellants' employment was for an indefinite period, and, consequently, was terminable at the will of either party. See generally OCGA § 34-7-1; *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (1) (250 SE2d 442) (1978). On this evidence, the trial court granted appellee's motion. Appellants appeal from the grant of summary judgment in favor of appellee.

1. The alleged misrepresentation underlying the fraud claims is the oral promise by appellee's agents that, upon appellants' completion of 90 days employment as "casual" dockworkers, they would be promoted to positions as "regular" dockworkers and, as the result of that promotion, they would receive pay and benefit increases. "Actionable fraud cannot be based on statements and promises as to future events. [Cits.] 'Fraud cannot be predicated upon statements which are promissory in their nature as to future acts.' [Cits.] There is no question that the promises made by [appellee's] agent[s] to [appellants] were prospective in nature and therefore fall within the am-

bit of this rule. Nor does actionable fraud result from a mere failure to perform promises made. [Cit.]" *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 571 (2) (208 SE2d 583) (1974).

Appellants urge, however, that the promises of a future promotion that were made to them are actionable, in that their fraud claims come within an exception to the general rule stated above. The cases upon which appellants rely "hold that fraud may be predicated on a promise made with a present intention not to perform. [Cits.]. . . . However, such exception has no application to this case because the promises upon which the [appellants rely] for establishing fraud were unenforceable even absent any fraud at the time of their utterance. The oral promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable." *Ely v. Stratoflex*, supra at 572. See also *Buice v. Gulf Oil Corp.*, 172 Ga. App. 93 (322 SE2d 103) (1984); *Murphine v. Hosp. Auth. of Floyd County*, 151 Ga. App. 722 (261 SE2d 457) (1979).

The trial court did not err in granting appellee's motion for summary judgment as to appellants' fraud claims.

2. With respect to their breach of contract claims, appellants contend that they are merely seeking to recover unpaid wages for their past employment by appellee. However, appellants are not seeking unpaid wages due them in their existing or former capacities as "casual" dockworkers. Appellants are attempting to recover for the increased wages they *would have received* had they been promoted to the new position of "regular" dockworker. Appellants' underlying "contract was for an indefinite term and was terminable at will; and, . . . no claim for failure to promote can be maintained. 'It is the general rule that a hiring indefinite as to time is terminable at the will of either party and creates no executory obligations.' [Cit.] 'The oral promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable.' [Cit.]" *Murphine v. Hosp. Auth. of Floyd County*, supra at 723. "Any attempt by the plaintiff to base a recovery on oral promises that his pay would be increased in the future must also fail, as the underlying employment contract was terminable at will." *Walker v. Gen. Motors Corp.*, 152 Ga. App. 526, 527 (1) (263 SE2d 266) (1979). There was no error in the trial court's grant of summary judgment in favor of appellee as to the breach of contract claims.

3. There being no genuine issue of any material fact remaining, the trial court did not err in granting appellee's motion for summary judgment. *Jacobs v. Ga.-Pacific Corp.*, 172 Ga. App. 319 (323 SE2d 328) (1984).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

634

*Charles L. Martin, Alice D. Bonner,* for appellants.
*Stanford G. Wilson,* for appellee.