75901. TAYLOR et al. v. AMISUB (McINTOSH TRAIL
REGIONAL MEDICAL CENTER), INC.
(368 SE2d 791)

CARLEY, Judge.
Appellee-defendant entered into a written contract to purchase Griffin-Spalding County Hospital (Hospital). The sales contract provided, in pertinent part, that "[o]n and as of the closing date, all employees, with the exception of middle or executive management personnel . . . , who were employed at the Hospital will be made employees of [appellee]. There will be no loss in status (i.e., job description, job classification, etc.) or seniority of Hospital employees when they become [appellee's] employees." In contemplation of the sale, appellee's agents also sent all Hospital employees letters, wherein appellee promised that, upon the closing of the sale, it would automatically hire all non-management hospital employees for the

same job that he or she had held previously with the Hospital and that those so hired would not lose any seniority that they had accrued while working at the Hospital.

At the time of the sale, appellant-plaintiffs were non-management employees at the Hospital who were being paid on an hourly basis. As promised, when the sale of the Hospital was consummated, appellee hired appellants for the same jobs that they had held at the Hospital and appellee credited appellants with the seniority that they had accrued while working at the Hospital. However, approximately two months after the closing, appellee reorganized the Hospital's nursing services department in response to a decrease in the patient population. As a result of this reorganization, appellants' duties were modified and the number of their work hours per week was reduced.

Appellants then brought this suit against appellee. Appellants alleged that they were third-party beneficiaries of the sales contract, and that appellee had breached that sales contract by altering their job status. Appellants also alleged that, prior to the closing of the sale, appellee had negligently or fraudulently misrepresented its intentions with regard to the future employment of appellants. Appellee answered, denying the material allegations of the complaint. Appellee subsequently moved for summary judgment. The trial court entered an order granting appellee's motion for summary judgment and appellants appeal from that order.

1. The trial court's grant of summary judgment in favor of appellee on appellants' breach of contract claim is enumerated as error. However, even assuming without deciding that appellants could be considered third-party beneficiaries of the sales contract, the record shows that appellee fulfilled all of the obligations it possibly owed to appellants under that contract. The sales contract obligated appellee only to hire appellants at the same job status and with the same seniority that they had prior to the sale. It is undisputed that appellee fulfilled this obligation. Nowhere in the sales contract did appellee agree that it would never alter the number of work hours available to appellants or the duties of appellants' jobs.

Moreover, the record further clearly demonstrates that appellants had been hired by the Hospital for an indefinite term. See OCGA § 34-7-1. "The term of [appellants'] employment was indefinite and therefore comes under the statutory rule that '[a]n indefinite hiring may be terminated at will by either party.' [Cits.]" *Ely v. Stratoflex*, 132 Ga. App. 569, 570 (1) (208 SE2d 583) (1974). See also *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (1) (250 SE2d 442) (1978); *Land v. Delta Air Lines*, 130 Ga. App. 231 (203 SE2d 316) (1973). Appellee's act of hiring appellants pursuant to the terms of the sales contract did not change appellants' employment status. In fact, the sales contract clearly states that the job status of most employees,

including appellants, would be identical to that while under the employ of the Hospital. As appellants' pre-sale employment could have been terminated at the will of the Hospital, with or without cause, it follows that appellee was authorized to alter appellants' job duties and work schedule after its purchase of the facility. The trial court did not err in granting summary judgment in favor of appellee on the contract claim.

2. Appellants also enumerate as error the trial court's grant of summary judgment in favor of appellee on their tort claims. The alleged misrepresentations underlying appellants' tort claims are certain promises concerning their future employment with appellee, which promises, unlike those made in the sales contract, were made directly to appellants by appellee's agents in the form of letters which were sent to appellants prior to the closing of the sale. " 'Although fraud may not generally be predicated on statements which are promissory in nature as to future acts or events, it can be predicated on such representations where there is a present intention not to perform or a present knowledge that the future event will not occur. [Cits.]' [Cit.]" *Seligman v. Savannah Wholesale Co.*, 185 Ga. App. 250, 252 (1) (363 SE2d 785) (1987). " 'However, such exception has no application to this case because the promises upon which the (appellants rely) for establishing fraud were unenforceable even absent any fraud at the time of their utterance. The . . . promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable.' [Cits.]" *Alston v. Brown Transport Corp.*, 182 Ga. App. 632, 633 (1) (356 SE2d 517) (1987). Accordingly, the trial court correctly granted appellee's motion for summary judgment as to appellants' tort claims.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 13, 1988.

*M. Michael Kendall*, for appellants.
*Anne S. Rampacek, James R. Fortune, Jr.*, for appellee.