A91A0463. BARKER v. CTC SALES CORPORATION.
(406 SE2d 88)

Sognier, Chief Judge.

Wayne Barker brought suit against his former employer, CTC Sales Corporation d/b/a C.T.C. Corp and Fireside Log Homes, alleging breach of an employment contract. The employer moved to dismiss the complaint for failure to state a claim, and the trial court granted the motion. Barker appeals.

The record reveals that appellant was hired by appellee in 1987 as vice president in charge of production. In the complaint, appellant alleged that in the years 1987-1989, appellee experienced net losses ranging from $200,000 to $300,000 per year. Despite appellant's knowledge of that fact, in 1989, after informing Don Mahaffey, appellee's president, that he had been offered a position with another company at a substantial increase in salary, appellant chose to remain with appellee. In his complaint, appellant alleged that he refused the other job offer and relocated his family at appellee's expense in reliance upon Mahaffey's promise that appellant would remain employed until appellee became insolvent. Appellant was discharged in November 1989.

Appellant's 11 enumerations of error are based on two main contentions: that the trial court erred by finding that Mahaffey's promise of employment was for an indefinite term; and that even if the promise was for an indefinite term, appellant is entitled to recover because of his detrimental reliance on the promise.

1. OCGA § 34-7-1 provides, inter alia, that "[a]n indefinite hiring may be terminated at will by either party," and consequently Georgia courts have repeatedly held that a promise of employment for an indefinite term is insufficient to support a cause of action for breach of an employment contract. See, e.g., Land v. Delta Air Lines, 130 Ga. App. 231 (203 SE2d 316) (1973). Relying in part on Milton v. Bank of Newborn, 30 Ga. App. 55 (116 SE 861) (1923), appellant contends the trial court erred by finding that a promise to employ appellant until appellee became insolvent is the offer of employment for an indefinite term. We do not agree.

Appellant's reliance on Milton, supra, is misplaced because, un-

like the situation sub judice, *Milton* involved a contract of employment for a specific and definite term, and thus in *Milton* the employee's discharge because of the employer's insolvency prior to the expiration of that term was actionable. In this case, the question of the meaning of the term "until insolvency" in appellant's employment contract was a question for the court. *Georgia Power Co. v. Busbin*, 242 Ga. 612, 613 (1) (250 SE2d 442) (1978).

In *Land*, supra at 232, this court held that the allegations of an employee that he had been induced by his employer to leave the armed services and had been offered "lifetime" employment, which meant "until death or retirement," were "insufficient as a matter of law to overcome the statutory presumption that his indefinite hiring was terminable at the will of either party." Accord *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 570 (1) (208 SE2d 583) (1974) (promise to retain employee "for the rest of [his] working life" was indefinite). We agree with the trial court that "[c]ertainly 'until insolvency' is as indefinite a period of time as 'until retirement' [or 'for the rest of his working life.' Appellee] might not become insolvent for many years to come or it might become insolvent tomorrow. Since the alleged contract was for an indefinite period of time, then it was terminable at the will of either party."

2. We find no merit in appellant's argument that even if the terms of his hiring were indefinite, his detrimental reliance on Mahaffey's promise constitutes consideration in addition to normal employment services, and is thus sufficient to except this situation from the general rule of terminability at the will of either party and prohibits termination until after a "reasonable time." Contrary to appellant's assertion, that is not the law in this state. Appellant cites only foreign authority in support of this proposition, and we have found no Georgia cases so holding. Rather, this court has held that while the principle of promissory estoppel, codified in OCGA § 13-3-44 (a), "provides. that, in certain circumstances, the reliance by the promisee or third party upon the promise of another is sufficient consideration, in and of itself, to render the executory promise enforceable against the promisor[, cit., t]his principle has no application in the instant case [where the promise relied on was for employment for an indefinite period]." *Loy's Office Supplies v. Steelcase, Inc.*, 174 Ga. App. 701, 702 (331 SE2d 75) (1985). Accordingly, as the promise relied on by appellant was for employment for an indefinite period, the trial court did not err by refusing to recognize this "exception" to the general rule, as urged by appellant. See generally *Marshall v. W. E. Marshall Co.*, 189 Ga. App. 510, 511 (1) (376 SE2d 393) (1988).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 1, 1991 —
REHEARING DENIED MAY 22, 1991 —

*Van C. Wilks*, for appellant.
*Joe C. Ashworth, Collette R. Jones*, for appellees.