A99A1529. DONG v. SHEPEARD COMMUNITY BLOOD CENTER et al.
(522 SE2d 720)

POPE, Presiding Judge.

Ellen Dong sued her employer, Walter Shepeard Community Blood Center, after she was terminated from her job. Dong also sued Linda Sigg, the technical director at the Blood Center, who was Dong's immediate supervisor. Dong's lawsuit[1] asserted claims for tortious interference with her employment relationship and for the negligent hiring and retention of Sigg. The Blood Center and Sigg filed a

---

[1] Dong dismissed a previously filed lawsuit. She then refiled this complaint, alleging employment discrimination, tortious interference with her employment relationship, and negligent hiring and retention. Due to the employment discrimination claims, the defendants moved to remove the case to federal court. Dong then dismissed with prejudice all federal claims and amended her complaint. Accordingly, the case was remanded to the Richmond County Superior Court.

joint motion for summary judgment, which the superior court granted, and Dong appeals. Based on the employment-at-will doctrine and because Dong failed to set forth a necessary element of her claim for tortious interference with her employment, we affirm.

The record establishes the following undisputed facts: in 1978, Dong started work at the Blood Center. In 1982, she was promoted to the position of laboratory technician. Dong never had a written contract regarding her employment with the Blood Center, nor did she receive any document stating or guaranteeing that she would be an employee of the Blood Center for any certain duration. Dong understood that she could quit her job at any time and understood that the Blood Center could terminate her employment at any time. In fact, at her deposition, Dong recalled reviewing the employee handbook which informed her that she was an employee at will and that she could be discharged from her employment with or without cause at any time. In 1995, Linda Sigg was hired as a technical director and was Dong's immediate supervisor. One of Sigg's job responsibilities was to evaluate the job performances of the medical technologists, including Dong. Nevertheless, Dr. Volker Dube, the Chief Executive Officer of the Blood Center, was the individual with the ultimate authority regarding Dong's employment. As Dong concedes, Sigg made all of the recommendations to Dube regarding Dong's discharge in the course of Sigg's employment for the Blood Center. In other words, there is no dispute that, at all relevant times, Sigg was acting within the scope of her job when she made the recommendations about Dong.

Dube placed Dong on employment probation. In February 1997, when the probation proved unsuccessful, Dube terminated Dong from her job. Dube wrote Dong a termination letter in which he referred to her insubordination, unsatisfactory work habits, and unsatisfactory technical abilities.

1. In her first enumeration, Dong argues that the superior court erred in granting summary judgment because there are factual issues regarding whether the Blood Center negligently hired and retained Linda Sigg. Citing OCGA § 34-7-20, Dong claims that Sigg had been demoted in a previous job for her inability to effectively supervise and work with employees, and that because of Sigg's prior employment history, the Blood Center's hiring of Sigg was negligent.

The court correctly granted summary judgment on Dong's negligent hiring and retention claim because she cannot circumvent the employment-at-will doctrine by claiming that this is a negligent hiring/retention case. The undisputed evidence established that Dong's employment was for an indefinite period and was terminable at the will of either party to the employment relationship. See OCGA § 34-7-1. "An employment contract containing no definite term of employ-

ment is terminable at the will of either party, and will not support a cause of action against the employer for wrongful termination." (Citations omitted.) *Burton v. John Thurmond Constr. Co.*, 201 Ga. App. 10 (410 SE2d 137) (1991).

Like Dong, in *Rhodes v. Levitz Furniture Co.*, 136 Ga. App. 514, 516 (1) (221 SE2d 687) (1975), the plaintiff tried to circumvent the employment-at-will doctrine and claimed that his claims were for negligent hiring. In that case, this court affirmed the grant of summary judgment, concluding that the employment-at-will doctrine foreclosed further inquiry into the plaintiff's negligent hiring claim. Here, as in *Rhodes*, summary judgment was proper. See generally *Jellico v. Effingham County*, 221 Ga. App. 252 (471 SE2d 36) (1996). Finally, Dong's reliance on OCGA § 34-7-20, which provides that an employer should exercise ordinary care in the selection of employees and should not retain them after knowledge of "incompetency," is misplaced given the instant facts.

2. Secondly, Dong claims that the court erred in granting summary judgment because Sigg tortiously and maliciously interfered with her business relationship with her employer. But a necessary element for a tortious interference with business relations claim is that the alleged tortfeasor be a third party or stranger to the employment relationship. *Brewer v. Schacht*, 235 Ga. App. 313, 317-318 (4) (b) (509 SE2d 378) (1998). Here, Sigg acted within her authority as an employee of the Blood Center in recommending that Dong be discharged. Accordingly, Sigg was not a stranger to Dong's employment relationship; Dong failed to maintain a prima facie case; and the court properly granted summary judgment. See *Lane v. K-Mart Corp.*, 190 Ga. App. 113, 114 (2) (378 SE2d 136) (1989).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 22, 1999 — 

*Samuel W. Cruse*, for appellant.

*Kilpatrick Stockton, Robert P. Sentell III, Ted H. Clarkston*, for appellees.