A00A0709. MOORE v. BELLSOUTH MOBILITY, INC. et al.
(534 SE2d 133)

RUFFIN, Judge.
Robert Moore sued BellSouth Mobility, Inc., BellSouth Corporation, BellSouth Cellular Corporation, his supervisor, Alex Moraitis, and eight officers and employees,[1] alleging that BellSouth Mobility breached an oral employment contract with Moore and that all other defendants intentionally interfered with his rights under the contract.[2] The defendants moved to dismiss both counts on the ground

---

[2] OCGA § 16-10-56 (a).
[3] (Citations, punctuation and emphasis omitted.) *Johnson v. State,* 239 Ga. App. 886 (522 SE2d 478) (1999).
[1] The BellSouth officers and employees included Iain Paterson, Duane Ackerman, Stan Hamm, Earle Mauldin, Odie Donald, and Roy McAllister.
[2] Moore also asserted a claim for intentional interference with his employment relationship with BellSouth Mobility. But that claim is not before us on this appeal.

that Moore failed to state a claim on which relief could be granted, and the trial court granted the motion. Moore appeals. As the trial court ruled correctly, we affirm.

A trial court should grant a motion to dismiss only when, assuming the allegations in the complaint are true, the plaintiff would not be entitled to any relief under the facts as stated and the defendant demonstrates that the plaintiff could not introduce evidence that would justify granting the relief sought.[3] Our review is de novo.[4]

In his complaint, Moore alleges that he went to work for BellSouth Mobility in 1990. In 1996, Tony Walker, Director of Sales for BellSouth Mobility, offered Moore the position of Sales Manager for the Atlanta Major Account Executive Team. This job change required Moore to move from Alabama to Atlanta and to take a pay cut. But Walker told Moore that his sales quota would be reduced and that, if he met the reduced quota, he would be promoted to Director of Sales without waiting one year, which was the normal waiting period for such promotion. Moore did not allege that his expected promotion to Director of Sales would occur within a definite term or would be for a specific level of pay. In January 1997, Moore accepted the job and moved to Atlanta.

Shortly after Moore took the new job, Walker left BellSouth Mobility, and Moore began reporting to Moraitis. Although Moraitis did not reduce Moore's sales quota as promised, Moore's sales team exceeded the required quota. Nevertheless, when the Director of Sales positions became available, Moore was not promoted. Moore contends that, when such positions became available, they were filled by women or minorities who had less experience and were less qualified than he.

According to Moore, BellSouth was being pressured by a coalition of African-American and female employees called the Coalition of Diversified Employees (CODE) to promote female and minority employees into management positions. Vernon Jones, a BellSouth employee and a Georgia legislator, headed the group. BellSouth officers met with Jones, who, according to Moore, had accused the company of engaging in discriminatory practices. Moore claims that Jones and CODE "demanded that BellSouth create policies regarding hiring and promotion that would favor black and female employees for management and director level positions." Moore alleges that BellSouth secretly agreed with Jones to institute a policy of promoting black and female employees in exchange for Jones' voluntary resignation. According to Moore, this policy has prevented him from

---

[3] *Mooney v. Mooney*, 235 Ga. App. 117 (508 SE2d 766) (1998).
[4] *Sidwell v. Sidwell*, 237 Ga. App. 716, 717 (1) (515 SE2d 634) (1999).

being promoted in accordance with the agreement he reached with Walker.

1. In his first enumeration of error, Moore contends that the trial court erred in dismissing his breach of contract claim. We disagree. Moore does not dispute the fact that he was an at-will employee. "[O]ral promises as to future events are not enforceable by at will employees such as [Moore], and cannot provide grounds for a breach of contract claim."[5] Thus, as an at-will employee, Moore cannot sue BellSouth for failing to promote him.

Moore contends that because the promise had definite terms, it is enforceable. Moore cites *Arby's, Inc. v. Cooper*[6] for the proposition that a promise of future compensation may be enforceable if the promise is made at the beginning of the employment.[7] While this remains the law, in order for such promise to be enforceable, it must be a promise of future compensation "for an exact amount or based upon a formula or method for determining the exact amount."[8] A promise of a promotion, however, at most merely *implies* additional compensation. Here, Moore does not allege that his promised promotion would result in a specified increase in pay, much less provide its method of calculation. As such, there is an element of uncertainty that renders this alleged executory obligation unenforceable as a matter of law.[9]

We are unable to distinguish this case from *Alston v. Brown Transport Corp.*,[10] in which Brown Transport hired "casual" dockworkers with the promise that they would be promoted to regular dockworkers after 90 days. When the promotion failed to materialize, the dockworkers sued for breach of contract in an effort to receive the increased wages they would have received had they been promoted. In rejecting this claim, we held that no claim for failure to promote can be maintained where the underlying employment contract is for an indefinite time and is terminable at will. We further noted:

> It is the general rule that a hiring indefinite as to time is terminable at the will of either party and creates no executory obligations. The oral promises could not be enforced

---

[5] *Plane v. Uniforce MIS Svcs. &c.*, 223 Ga. App. 731, 733 (1) (479 SE2d 18) (1996); see also *Alston v. Brown Transport Corp.*, 182 Ga. App. 632, 633 (2) (356 SE2d 517) (1987).

[6] 265 Ga. 240 (454 SE2d 488) (1995).

[7] Id. at 241.

[8] (Punctuation omitted.) Id.

[9] Id. at 242.

[10] Supra.

because the underlying employment contract, being terminable at will, is unenforceable.[11]

Accordingly, the trial court did not err in dismissing Moore's claim for breach of contract.

2. In his second enumeration of error, Moore contends that the trial court erred in dismissing his claim of intentional interference with his contractual relationship. Moore asserts that Moraitis and certain other BellSouth officers intentionally enacted discriminatory policies with the knowledge that the policies would interfere with his contractual right to promotion. We disagree.

To maintain a claim for tortious interference with contractual relations, Moore must allege that the defendants: (1) took improper action or engaged in wrongful conduct without privilege; (2) acted purposely and with malice with the intent to injure; (3) induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) that their tortious conduct proximately caused damage to the plaintiff.[12] "A cause of action for intentional interference with contractual rights must be based on the intentional and non-privileged interference by a third party with existing contractual rights and relations."[13]

Moore is unable to maintain a claim for tortious interference with contractual relations. For the reasons stated in Division 1, Moore does not have an enforceable contract. There can be no breach of an unenforceable contract.[14] It follows that Moore cannot hold defendants liable for inducing the alleged breach. Thus, the trial court did not err in dismissing this count.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED APRIL 20, 2000.

*Caldwell & Watson, Harmon W. Caldwell, Jr., Wade H. Watson III, Vincent M. Ferrero,* for appellant.
*Kilpatrick Stockton, James H. Coil III, Daniel F. Piar, Gloria L. Johnson,* for appellees.

---

[11] (Punctuation omitted.) Id. at 633 (2).

[12] *Witty v. McNeal Agency,* 239 Ga. App. 554, 561 (4) (521 SE2d 619) (1999).

[13] (Citations, punctuation and emphasis omitted.) *Lake Tightsqueeze v. Chrysler First Financial Svcs. Corp.,* 210 Ga. App. 178, 181 (5) (435 SE2d 486) (1993).

[14] *Dwyer v. McCoy,* 236 Ga. App. 326, 328 (4) (512 SE2d 70) (1999).