Ann FARRELL, Plaintiff,

v.

TIME SERVICE, INC., Defendant.

No. 1:00–CV–2241–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 3, 2001.

---

Andrew Yancey Coffman, Parks Chesin Walbert & Miller, Atlanta, GA, for Plaintiff.

Robert P. Riordan, F. Skip Sugarman, Alston & Bird, Atlanta, GA, for Defendant.

## ORDER

THRASH, District Judge.

This is a diversity case removed from state court to this Court pursuant to 28 U.S.C. § 1332. Plaintiff seeks damages and equitable relief pursuant to the Georgia Equal Employment for Persons With Disabilities Code, O.C.G.A. § 34–6A–1 et seq. She also seeks compensatory damages for intentional infliction of emotional distress and negligent hiring, retention, or supervision, as well as punitive damages. The case is before the Court on Defendant's Motion to Dismiss [Doc. 2]. For the reasons set forth below, Defendant's motion should be granted.

## I. BACKGROUND

Plaintiff is a resident of the state of Georgia who was employed by Defendant until her discharge on February 11, 2000. Defendant is an Ohio corporation with its principal place of business in Toledo, Ohio. Viewing the Complaint in the light most favorable to the Plaintiff, the facts of this case are as follows. Plaintiff was an employee of Defendant. Plaintiff became pregnant and told Defendant of her pregnancy. Shortly thereafter, Defendant told Plaintiff that it would be undergoing a restructuring. As part of this restructuring, Plaintiff's employment was terminated. Plaintiff was the only employee terminated as a result of this restructuring.

On July 20, 2000, Plaintiff filed suit in Fulton County State · Court. Plaintiff claims that Defendant has violated the Georgia Equal Employment for Persons With Disabilities Code, O.C.G.A. § 34–6A–1 et seq. and also alleges that Defendant has committed the torts of intentional infliction of emotional distress and negligent supervision, retention and hiring. Plaintiff seeks equitable relief, compensatory damages and punitive damages. Defendant within 30 days of receipt of Plaintiff's Complaint in the state court action removed the case to this court. The next day, August 30, 2000, Defendant filed the Motion to Dismiss that is the· subject of this Order.

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed pursuant to Rule 12(b)(6) only where it appears

beyond doubt that no set of facts could support the plaintiff's claims for relief. ed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir.1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir.1983). Notice pleading is all that is required for a valid complaint. *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Id.*

### III. DISCUSSION

■ The Georgia Equal Employment for Persons With Disabilities Code ("Georgia Disability Code"), O.C.G.A. § 34–6A–1 *et seq.*, prohibits employers from making employment decisions based on an employee's disability. O.C.G.A. § 34–6A–4 (1998). The statutory definition of a disability under the Georgia statute is practically identical to the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. Compare* O.C.G.A. § 34–6A–2(3) (" 'Individual with disabilities' means any person who has a *physical or mental impairment which substantially limits one or more of such person's major life activities* ....") (emphasis added), *with* 42 U.S.C. § 12102(2)(A) ("The term 'disability' means, with respect to an individual ... a *physical or mental impairment that substantially limits one or more of the major life activities* of such individual.") (emphasis added), and 29 U.S.C. § 705(9)(B) ("The term 'disability' means ... a *physical or mental impairment that*

*substantially limits one or more major life activities.*") (emphasis added). Notably, the Georgia Supreme Court has applied the definition of "disability" from the Rehabilitation Act to a claim brought pursuant to the Georgia Disabilities Code. *See Hennly v. Richardson*, 264 Ga. 355, 357, 444 S.E.2d 317 (1994) ("The language of the GEEHC is similar to that of the Rehabilitation Act of 1973, 29 U.S.C. *et seq.*," and "Though we are not bound by the federal cases in the resolution of this issue, we find the reasoning of those cases persuasive ...." (Citation omitted.)).

■ It is clearly established that pregnancy *per se* does not constitute a disability under federal law. *See, e.g., Walsh v. Food Supply, Inc.*, 1997 WL 401594, at * 2 (M.D.Fla. Mar. 19, 1997) (dismissing plaintiff's disability claims under the ADA and Florida's disability-discrimination statute because "pregnancy is not a disability"); *Wenzlaff v. NationsBank*, 940 F.Supp. 889, 890 (D.Md.1996) ("With near unanimity, federal courts have held that pregnancy is not a 'disability' under the ADA."); *Villarreal v. J.E. Merit Constructors, Inc.*, 895 F.Supp. 149, 152 (S.D.Tex.1995) (holding that "pregnancy and related medical conditions are not 'disabilities' as that term is defined by the ADA"); 29 C.F.R. pt. 1630, App. ("Other conditions, such as pregnancy, that are not the result of a physiological disorder are also not impairments."). At most, courts have held that pregnancy may rise to the level of a disability if there are severe complications. *See Darian v. University of Mass. Boston*, 980 F.Supp. 77, 80 (D.Mass.1997) ("[P]laintiff began to experience *serious difficulties* with her pregnancy. [Plaintiff] suffered from severe pelvic bone pains, premature uterine contractions, irritation of the uterus, back pain, poly hydrominus, increased heart rate, edema, and a large fetus." (Emphasis added.)); *Cerrato v. Durham*, 941

F.Supp. 388, 392 (S.D.N.Y.1996) ("[Some] courts have distinguished between a normal, uncomplicated pregnancy itself and a complication or condition arising out of the pregnancy and have found that, *under particular circumstances,* the pregnancy-related condition can constitute a 'disability' within the meaning of the ADA." (Emphasis added.)).

Plaintiff in this case does not allege that she suffered from any condition other than merely being pregnant. Given that (1) federal law holds that pregnancy is not a disability pursuant to federal law, (2) the statutory language of the federal ADA, the federal Rehabilitation Act, and the Georgia Disabilities Code are practically identical, and (3) the Georgia Supreme Court itself has applied the Rehabilitation Act's interpretation of disability in a case brought pursuant to the Georgia Disabilities Code, this court will not extend the meaning of disability in the Georgia Disabilities Code further than exists in the ADA and Rehabilitation Act. Accordingly, Plaintiff has not alleged a disability pursuant to the Georgia Disabilities Code. Consequently, Defendant's Motion to Dismiss must be granted on this claim.

The law governing intentional infliction of emotional distress is well developed in Georgia. Georgia appellate courts have stated that "[t]he burden which the plaintiff must meet in order to prevail ... is a stringent one ...." *Bridges v. Winn–Dixie Atlanta, Inc.,* 176 Ga.App. 227, 229, 335 S.E.2d 445 (1985). Liability for intentional infliction of emotional distress has been found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Biven Software, Inc. v. Newman,* 222 Ga.App. 112, 113, 473 S.E.2d 527 (1996). "The issue of whether the allegations rise to the requisite level of outrageousness is a question of law for the court to decide." *Id.* at 114, 473 S.E.2d 527.

 In this case, Plaintiff attempts to state a claim for intentional infliction of emotional distress based solely on the allegation that she was discharged because she was pregnant. Plaintiff alleges that "[a]s set out above, the conduct of the Defendant was so extreme and insulting as naturally to cause humiliation, embarrassment, and fear on the part of the Plaintiff." (Complaint, at ¶ 20.) [Doc.1] In the preceding paragraphs, however, Plaintiff alleges nothing more than she was terminated because of her pregnancy. Specifically, her entire factual allegations are as follows:

> Plaintiff was an employee for Defendant until her discriminatory termination based on her disability. Plaintiff was pregnant and told the Defendant of her pregnancy. After learning of Plaintiff's pregnancy, Defendant told Plaintiff that there would be a "restructuring." As part of this restructuring, Plaintiff was terminated. Plaintiff was the only employee terminated as a result of "restructuring." As a result of Defendant's conduct, Plaintiff lost wages, insurance, and other benefits associated with employment.

(*Id.* at ¶¶ 5–11 (paragraph numbers and breaks omitted).) [Doc. 1] These allegations do not satisfy the requirements for alleging intentional infliction of emotional distress. At most Plaintiff's claim directly stems from her termination. Where, however, "the intentional infliction of emotional distress claim 'directly stems from the termination [of an at-will employee] and is clearly not independent of the severance of employment,' then plaintiff's claim should be dismissed." *Allen v. Commercial Pest Control, Inc.,* 78 F.Supp.2d 1371, 1380 (M.D.Ga.1999) (quoting *Mr. B's Oil Co. v.*

*Register,* 181 Ga.App. 166, 168, 351 S.E.2d 533 (1986)). Consequently, Defendant's Motion to Dismiss must be granted on this claim, also.

▮▮▮ A claim for negligent hiring, retention or supervision brought pursuant to Georgia law arises when an employer negligently hires, retains or supervises an employee and that employee subsequently harms the plaintiff. To establish such a claim, the plaintiff must allege, and ultimately prove, that the employer "knew or should have known of the employee's propensity to engage in the conduct which caused the plaintiff's injury." *Harper v. City of East Point,* 237 Ga.App. 375, 376, 515 S.E.2d 623 (1999); *Odom v. Hubeny, Inc.,* 179 Ga.App. 250, 252, 345 S.E.2d 886 (1986). Moreover, an at-will employee cannot allege a claim for negligent hiring, retention or supervision based on an allegedly improper discharge. *Dong v. Shepeard Cmty. Blood Ctr.,* 240 Ga.App. 137, 139, 522 S.E.2d 720 (1999); *Rhodes v. Levitz Furniture Co.,* 136 Ga.App. 514, 517, 221 S.E.2d 687 (1975). In other words, Georgia law does not recognize a claim for negligent hiring, retention or supervision where the plaintiff alleges that an employer negligently hired, retained or supervised another employee who subsequently terminated the plaintiff without justification. Allowing such a claim under these circumstances would be inconsistent with the employment-at-will doctrine. *Dong,* 240 Ga.App. at 138, 522 S.E.2d 720.

In this case, Plaintiff's negligent hiring, retention or supervision claim must be dismissed for two reasons. First, Plaintiff has alleged no facts whatsoever to establish the elements of the claim. She refers the court to no employee individually or group of employees collectively who committed the alleged tort. She does not provide any facts surrounding her basis for the claim. And she does not allege that the employer knew or should have known of any employee's propensity to engage in the conduct which is unspecified and which allegedly caused Plaintiff's injury. Although the court must assume the truth of the factual allegations in the Complaint, it should not assume the truth of bare legal conclusions. *See South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 409 n. 10 (11th Cir.1996) ("As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss.").

▮▮▮ Second, even if Plaintiff did allege that her termination was caused by Defendant's negligent hiring, retention or supervision of another employee, the claim is barred by Plaintiff's at-will employment status. Plaintiff has failed to allege any facts that would support an inference that she was not an at-will employee, such as by alleging that she had an employment contract with Defendant. Consequently, the Georgia Court of Appeals decisions in *Dong v. Shepeard Cmty. Blood Ctr.,* 240 Ga.App. 137, 139, 522 S.E.2d 720 (1999), and *Rhodes v. Levitz Furniture Co.,* 136 Ga.App. 514, 517, 221 S.E.2d 687 (1975) require the Court to grant Defendant's Motion to Dismiss on the negligent hiring, retention or supervision claim.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. 2] is GRANTED.