## S03G1499. BALMER et al. v. ELAN CORPORATION et al.

(599 SE2d 158)

THOMPSON, Justice.

Appellants are former employees of appellee Elan Corporation[1] ("Elan"), who sued their employer alleging breach of contract, promissory estoppel, fraud, defamation, and violations of laws penalizing whistleblowers. The complaint alleged that their employment was improperly terminated because they cooperated with an FDA inspection of Elan's facilities, despite Elan's express assurance that such cooperation would not result in termination. The trial court granted Elan's motion to dismiss for failure to state a claim with regard to the breach of contract, promissory estoppel and fraud counts of the complaint, leaving intact the defamation and whistleblower claims. The Court of Appeals granted interlocutory review and affirmed. *Balmer v. Elan Corp.*, 261 Ga. App. 543 (583 SE2d 131) (2003). For the reasons which follow, we also affirm.

1. Appellants submit that the trial court erred in dismissing their claims, and that the Court of Appeals misconstrued their arguments on appeal.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. . . . In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Footnotes omitted.) *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

The allegations of the complaint show as follows: Appellants were formerly employed as laboratory analysts by Elan, a foreign-based pharmaceutical company with research and production facilities located in Gainesville, Georgia. Elan's operations in the United

---

[1] The complaint named Elan Corporation, plc (an Irish corporation), Elan Holdings, Inc. (a Massachusetts corporation authorized to transact business in Georgia), and Elan Pharmaceutical Research Corporation (a Georgia corporation), as plaintiffs' joint employers. Elan Corporation, plc, was dismissed as a defendant for lack of personal jurisdiction. That ruling is not before this Court.

States are under the jurisdiction of the Food and Drug Administration ("FDA"), which is authorized to conduct periodic inspections of Elan's Gainesville site. FDA inspections conducted during the 1990's resulted in citations being issued against Elan due to its violation of governmental standards and regulations. Prior to 2000, Elan had instructed its employees at various times to provide as little information as possible to the FDA, and to refrain from inviting FDA inspectors into work areas.

It was further alleged that Elan informed appellants they would not be discharged or treated adversely if they cooperated with the FDA in a scheduled inspection of the Gainesville site in May 2000; and relying on these assurances, appellants provided truthful information to the FDA and cooperated with the agency's inspection. In August 2000, Elan terminated the employment of all seven appellants, for the stated reason that each had given false information to the FDA. Thereafter, Elan informed the FDA that appellants' employment had been terminated because they had deviated from the company's procedures, despite having been trained to the contrary. The May 2000 inspection resulted in a consent decree being issued by the FDA against Elan due to its violation of governmental quality control standards.

2. Georgia follows the general rule that employment relationships supported by no consideration other than the performance of duties and the payment of wages are terminable at will by either the employer or the employee, absent a controlling agreement specifying the terms of such employment. OCGA § 34-7-1 ("[a]n indefinite hiring may be terminated at will by either party"); *Hall v. Answering Svc.*, 161 Ga. App. 874 (2) (289 SE2d 533) (1982); Wimberly, Georgia Employment Law § 1-6 (3rd ed. 2000). Under the at-will employment doctrine, "[t]he employer, with or without cause and regardless of its motives may discharge the employee without liability." (Citations and punctuation omitted.) *Jellico v. Effingham County*, 221 Ga. App. 252 (471 SE2d 36) (1996). It is uncontroverted that the employment agreement between appellants and Elan was for an indefinite term and only provided for the payment of wages in exchange for the satisfactory performance of job duties, without any additional modifying terms. Elan, therefore, was free to discharge appellants either with or without cause. Id.

Appellants nevertheless contend that their at-will employment relationship was amended orally by Elan's promise not to fire them as a result of their cooperation with the FDA. By virtue of that oral promise, appellants submit Elan agreed to forego its prerogative to discharge them for that specific conduct.

Numerous Georgia cases have held that oral promises are not enforceable by at-will employees. See, e.g., *Ford Clinic v. Potter*, 246

Ga. App. 320 (540 SE2d 275) (2000) (oral promise as to an employment contract for an indefinite period of time is not enforceable); *Moore v. BellSouth Mobility*, 243 Ga. App. 674 (1) (534 SE2d 133) (2000) (oral promises as to future events are not enforceable by at-will employees and cannot provide grounds for a breach of contract claim); *Alston v. Brown Transport Corp.*, 182 Ga. App. 632 (2) (356 SE2d 517) (1987) (oral promise of promotion unenforceable where the employment contract is terminable at will). Generally, the discharge of at-will employees is not actionable. See, e.g., *Dong v. Shepeard Community Blood Center*, 240 Ga. App. 137 (1) (522 SE2d 720) (1999) (cannot circumvent at-will doctrine by claiming negligent hiring); *Jellico*, supra (at-will employee may not maintain action for constructive wrongful termination); *Barker v. CTC Sales Corp.*, 199 Ga. App. 742 (1) (406 SE2d 88) (1991) ("Georgia courts have repeatedly held that a promise of employment for an indefinite term is insufficient to support a cause of action for breach of an employment contract").[2] With regard to the precise issue now before the Court, i.e., whether an employer's oral promise not to fire an at-will employee for specified conduct is actionable as a breach of contract, the parties have cited no Georgia precedent directly on point, and our research has revealed none.

Appellants submit that because no Georgia authority is dispositive of their claim, we are *required* to look to other jurisdictions which have considered the issue and apply the foreign law.[3] In this regard, they argue that the employment at-will statute, OCGA § 34-7-1, is a codification of a decision of this Court (see *Magarahan v. Wright & Lamkin*, 83 Ga. 773 (10 SE 584) (1889)), and is subject to the rules of construction concerning "statutes of non-statutory origin." That rule provides "that when the Code section is a mere codification of the general law, and is not of original legislative enactment, decisions of other courts as well as our own *may be looked to.*" (Emphasis supplied.) *Sinclair v. Friedlander*, 197 Ga. 797, 800 (30 SE2d 398) (1944). While we are at liberty to consider foreign authority, the appellate courts of this state are "not bound by decisions of other

---

[2] But see *Jellico*, supra (employer's immunity may not apply where discharge is impermissible on grounds of public policy); *Brazzeal v. Commercial Cas. Ins. Co.*, 51 Ga. App. 471 (180 SE 853) (1935) (employee may sue on oral contract for employment terminable at will based upon services actually performed up to the time of discharge, and not for damages or compensation for services not performed or for any breach of contract).

[3] Specifically, appellants rely on *Sanderson v. First Security Leasing Co.*, 844 P2d 303 (Utah 1992) and *Lopez v. Kline*, 953 P2d 304 (N.M. 1997), in which the courts held that an employer's promise not to terminate employment after medical leave was a modification of the right to terminate at will. However, both decisions are predicated on exceptions to the at-will doctrine which are not recognized in Georgia. See *Jellico*, supra at 253, "Georgia courts have refused to acknowledge any exceptions not encompassed by OCGA § 34-7-1." (Punctuation omitted.)

states or federal courts except the United States Supreme Court." *Rodgers v. First Union Nat. Bank &c.*, 220 Ga. App. 821, 822 (470 SE2d 246) (1996). The suggestion in *Sinclair*, supra at 800, that other courts "may be looked to," is consistent with that precept.

That courts of other jurisdictions may have allowed an oral promise not to fire or to modify at-will employment relationships

> is of no consequence because in Georgia this rule is statutory. . . . Georgia courts have refused to acknowledge any exceptions not encompassed by OCGA § 34-7-1, and in the absence of any express statutory provision for such a civil remedy, we decline to create judicially such a remedy. Courts may interpret laws, but may not change them. These inadequacies in our existing law, however, if they be such, cannot be supplied by the courts, and may only be corrected by the General Assembly.

(Citations and punctuation omitted.) *Jellico v. Effingham County*, supra at 253. Instead, we apply well-settled doctrines of Georgia law and hold that Elan's oral promise not to fire appellants does not modify the terms of their at-will employment relationship and does not create an enforceable contract.

3. Alternatively, appellants assert that if the promises made to them are not actionable as part of an enforceable agreement, the doctrine of promissory estoppel would render them enforceable. The elements of a claim of promissory estoppel are set forth in OCGA § 13-3-44 (a), as follows: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." However, the principle of promissory estoppel "has no application . . . where the promise relied on was for employment for an indefinite period." (Citation and punctuation omitted.) *Barker*, supra at 743 (2).

4. With respect to fraud, the complaint alleged that Elan's promises not to fire "were intentional and material misrepresentations of facts made willingly by [Elan] to deceive [appellants]." "[A]ny promises upon which [appellants] may rely to show misrepresentation are unenforceable because [their] underlying employment contract, being terminable at will, was unenforceable." *Johnson v. MARTA*, 207 Ga. App. 869, 870 (429 SE2d 285) (1993). Accord *Cannon v. Geneva Wheel &c. Corp.*, 172 Ga. App. 20 (322 SE2d 69) (1984) (oral promise upon which the promisee relied for establishing fraud could not be enforced because the underlying employment contract, being terminable at will, is unenforceable).

It follows that appellants' complaint, insofar as it alleges breach of contract, promissory estoppel, and fraud fails to state a claim upon which relief may be granted.

*Judgment affirmed. All the Justices concur, except Sears, P. J., and Benham, J., who dissent.*

SEARS, Presiding Justice, dissenting.

1. I respectfully dissent. In Georgia, of course, employment relationships supported by no consideration other than the performance of duties and the payment of wages are terminable at will by either the employer or the employee, absent a controlling agreement specifying the terms of such employment.[4] Absent such an agreement — either express or implied — employment for an indefinite period of time is presumed to be terminable at will.[5] Hence, if the employment agreement between appellants and Elan was for an indefinite term and only provided for the payment of wages in exchange for the satisfactory performance of job duties, without any additional modifying terms, Elan was free to discharge appellants either with or without cause.

However, taking (as we must when reviewing the grant of a motion to dismiss)[6] the complaint's allegations as true, it is clear that the parties intended to modify the terms of their at-will employment relationship. As explained, it is established that indefinite contracts of employment are at-will.[7] But the contract at issue here was not indefinite regarding appellants' cooperation with the FDA. By promising not to discharge appellants if they cooperated with the FDA, Elan voluntarily surrendered its prerogative under the at-will doctrine to fire appellants for that specific conduct. Elan modified the parties' at-will employment contract by eliminating appellants' cooperation with an FDA investigation as a permissible ground for termination.

Elan urges that its oral promise could modify appellants' at-will employment only if it specified a definite time period. Specifically, Elan argues that a promise not to fire appellants for, say, 18 months after cooperating with the FDA would be enforceable, but that a promise not to fire appellants for an indefinite period of time after cooperating with the FDA is unenforceable. I strongly disagree. Elan's promise not to fire was not time-based. Rather, it was based

---

[4] OCGA § 34-7-1; Wimberly, Georgia Employment Law, § 1-6 (3rd ed. 2000); *Hall v. Answering Svc.,* 161 Ga. App. 874 (289 SE2d 533) (1982).

[5] Wimberly, supra at § 1-6.

[6] *Hickey v. Kostas Chiropractic Clinics,* 259 Ga. App. 222 (576 SE2d 614) (2003); *Moore v. BellSouth Mobility,* 243 Ga. App. 674, 675 (534 SE2d 133) (2000).

[7] OCGA § 34-7-1; *Jellico v. Effingham County,* 221 Ga. App. 252 (471 SE2d 36) (1996).

upon specific conduct engaged in by appellants. Notably, the majority has cited no Georgia precedent addressing an employer's promise not to fire for specified conduct. However, as noted recently by the Supreme Court of Utah (a state which, like Georgia, adheres to the at-will employment doctrine) in a factually analogous case:

> At-will employment is a bundle of different privileges, **any or all of which an employer can surrender through an oral agreement**. In addition to employment for a specified employment term or a for-cause requirement for termination, an employer can, for example . . . **promise not to fire employees for a certain reason, thereby modifying the employee's at-will status.**[8]

The present appeal involves this exact situation — an employer's promise not to fire for a specific and clearly identified reason. Appellants were concerned that cooperating with the FDA might cost them their jobs. To allay this fear, they obtained assurances from Elan that such conduct would not result in their termination. Taking the facts as alleged in the complaint as true, a reasonable finder of fact could conclude that the parties reached an implied-in-fact agreement that cooperating with the FDA would not be grounds for termination, thereby modifying the at-will terms of appellants' employment.

Elan argues that treating its promise not to fire as a modification of appellants' employment contracts would create an exception to the at-will doctrine that is not encompassed within the terms of OCGA § 34-7-1. However, as noted by a leading Georgia commentator:

> The **only** significant exception to the "employment-at-will" doctrine . . . applies where there is a contract, either express or implied, which convert[s] the relationship into [something other than employment-at-will].[9]

Accordingly, requiring Elan to honor its promise would forge no new ground in Georgia employment law, nor would it impose significant restrictions on Elan's options under the at-will doctrine. Elan's at-will prerogative to fire appellants for any reason other than their

---

[8] *Sanderson v. First Security Leasing Co.*, 844 P2d 303, 307 (Utah 1992) (emphasis supplied) (employer promised its employee, who had a brain tumor, that his job would be waiting for him when he returned from treatment, then terminated him from employment; the Utah Court held that the employer's promise not to terminate due to illness was a modification of its right to fire at will). See also *Lopez v. Kline*, 953 P2d 304 (N.M. 1997) (same); *Shaw v. Webster*, 497 NW2d 686 (Neb. 1992) (oral representations may constitute a promise sufficient to create contractual terms which modify the at-will status of an employee).

[9] Wimberly, supra at §§ 1-6, 1-7 (emphasis supplied).

cooperation with the FDA — or, indeed, for no reason at all — would remain unaffected if its promise was enforced. As it is, however, Elan is being permitted to misuse its privileges under the at-will doctrine in order to breach its agreement with appellants. Having elected voluntarily to modify the terms of its employment agreement with appellants, Elan should not be allowed to claim the agreement as modified is void under the at-will doctrine.[10]

Accordingly, for the reasons discussed above, I believe the trial court erred by dismissing appellants' claim for breach of the employment contract.

2. The majority correctly notes that the doctrine of promissory estoppel is generally inapplicable in an employment-at-will context.[11] Unless there has been an express or implied modification of the employment contract's terms, the employment relationship is terminable at will, and promissory estoppel provides no recourse for a discharged at-will employee.

A different result, however, could occur in cases where the terms of employment are not entirely at-will. At least to the extent a finder of fact ultimately concluded that appellants' employment contract was modified to eliminate cooperation with the FDA as grounds for termination, the precedent quoted above is inapplicable and appellants' promissory estoppel claim may have merit. Because the viability of appellants' promissory estoppel claim hinges on the merits of its claim for breach of contract, I believe the trial court acted prematurely in dismissing appellants' claim for promissory estoppel.

3. Generally, fraud may not be predicated upon statements which are promissory in nature.[12] However, a discharged employee may base a claim for fraud upon an employer's promissory statement concerning some future act so long as there is a showing that at the time the promise was made, the employer had no intention of performing as agreed.[13] Taking (as we must) the complaint's allegations as true, it appears that at the time Elan agreed not to terminate appellants' employment for cooperating with the FDA, it had no

---

[10] The precedent relied upon by Elan does not demand a different result, as none of the cases involve an employment agreement that has been modified to eliminate specific conduct as grounds for termination. See *Ford Clinic. v. Potter*, 246 Ga. App. 320 (540 SE2d 275) (2000); *Dong v. Shepeard Community Blood Center*, 240 Ga. App. 137 (522 SE2d 720) (1999); *Burton v. John Thurmond Constr. Co.*, 201 Ga. App. 10 (410 SE2d 137) (1991); *Elliot v. Delta Air Lines*, 116 Ga. App. 36 (156 SE2d 656) (1967). Additionally, all but one of these cases address trial court rulings granting summary judgment or a directed verdict, which involves an entirely different standard of review than the one at issue in the present appeal. See Division 1, supra.

[11] *Johnson v. Metropolitan Atlanta Rapid Transit Authority*, 207 Ga. App. 869 (429 SE2d 285) (1993).

[12] *Taylor v. Amisub, Inc.*, 186 Ga. App. 834 (368 SE2d 791) (1988).

[13] Id., 186 Ga. App. at 836.

intention of honoring that agreement. Accordingly, under the facts alleged in the complaint, I believe appellants could be entitled to relief and the trial court erred in dismissing their claim for fraud and deceit.

4. For all of the reasons stated above, I respectfully dissent from the majority's ruling affirming the trial court's dismissal of appellants' complaint.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED JULY 12, 2004 —
RECONSIDERATION DENIED JULY 29, 2004.

*Orr & Orr, E. Wycliffe Orr*, for appellants.
*Seyfarth & Shaw, Latonya S. Moore, John F. Meyers*, for appellees.