A06A0863. JENKINS v. GEORGIA DEPARTMENT OF
CORRECTIONS.
(630 SE2d 654)

JOHNSON, Presiding Judge.

In 1988, Dr. Ben Jenkins filed a lawsuit against the Georgia Department of Corrections for alleged interference with a contractual relationship he had with a temporary staffing agency. Following mediation, the parties reached a settlement agreement (the "agreement"). As part of the agreement, the Department of Corrections agreed to employ Jenkins on a part-time basis. The agreement did not specify a term of employment, but stated that Jenkins would be employed "under the same terms and conditions as other employees of the Georgia Department of Corrections." Jenkins was employed with the Department of Corrections for approximately three years, from May 2001 through June 1, 2004. He was then terminated by the Department of Corrections as a result of budget cuts.

Jenkins subsequently filed the present action against the Department of Corrections, claiming the Department of Corrections breached the agreement by terminating his employment. According to Jenkins, the Department of Corrections made an oral promise that

the position would be available "as long as he wanted." The trial court granted the Department of Corrections' motion to dismiss Jenkins' complaint, and Jenkins appeals. We find no error and affirm the trial court's dismissal.

Pursuant to OCGA § 34-7-1, employment in Georgia is generally considered to be at will, meaning that either the employee or employer can end the employment relationship at any time for any or no reason, unless the contract specifies a term for employment.[1] Here, the settlement agreement, while it could be interpreted as an employment contract, did not specify how long Jenkins would continue to be employed by the Department of Corrections. In fact, no term or duration of employment was mentioned in the agreement. And, contrary to Jenkins' assertion, correspondence exchanged between the parties during settlement negotiations reflects that the parties contemplated the status of Jenkins' employment and determined that it would be classified as temporary. Absent any contractual language in the agreement specifying a time frame for employment, the employment was at will and the relationship could be terminated by either party for any reason.

While Jenkins raises a number of allegations in his appellate brief, he has failed to offer any admissible evidence that would support these allegations or entitle him to relief.[2] In fact, Jenkins' statement of facts does not contain a single citation to the record, in violation of Court of Appeals Rule 25 (a) (1). The trial court correctly granted the Department of Corrections' motion to dismiss the breach of contract claim.

Although Jenkins' complaint did not allege fraud against the Department of Corrections, Jenkins responded to the Department of Corrections' motion to dismiss, and asserts on appeal, that he was fraudulently induced to sign the agreement by the oral promise of permanent employment. We find this argument unpersuasive. It is well settled that in the absence of a controlling contract, an oral promise of "permanent employment" or "employment for life" is unenforceable and gives rise to no cause of action against an employer for wrongful termination.[3]

---

[1] See *Parker v. Crider Poultry, Inc.*, 275 Ga. 361, 362 (1) (565 SE2d 797) (2002) (an employment contract containing no definite term of employment is terminable at the will of either party).

[2] In addition, some of his allegations (specifically those relating to the Department of Corrections' alleged breach of the contract prior to his termination) are not only unsupported, but are irrelevant since no such cause of action was raised in his complaint. Jenkins' complaint and requested damages clearly reference only an alleged breach of contract for termination of employment.

[3] See *Cannon v. Geneva Wheel & Stamping Corp.*, 172 Ga. App. 20, 21 (322 SE2d 69) (1984); see also *Balmer v. Elan Corp.*, 278 Ga. 227, 228-230 (2) (599 SE2d 158) (2004).

Fraud cannot be predicated on a promise which is unenforceable at the time it is made. And this is controlling in the instant case because the promises of lifetime employment upon which the promisee relies for establishing fraud were unenforceable even absent any fraud at the time of their utterance.[4]

The trial court did not err in granting the Department of Corrections' motion to dismiss.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 2, 2006.

*August F. Siemon III*, for appellant.

*Thurbert E. Baker, Attorney General, Bryan K. Webb, Senior Assistant Attorney General, Steffanie W. Morrison, Assistant Attorney General*, for appellee.

---

[4] (Citations, punctuation and emphasis omitted.) *Cannon*, supra.