## 16582. SOUTHERN TRADING CORPORATION *v.* BENCHLEY BROTHERS INCORPORATED.

1. "In the absence of a written request, it is not reversible error for the court to omit to instruct the jury as to the burden of proof in a civil case."

2. Where an agency is coupled with an interest, and the principal gives to the agent unreasonable instructions detrimental to the agent's interest, the agent may disregard the instructions and act for himself,

provided he acts in good faith; and the principal would be bound thereby.

3. There being ample evidence to authorize the verdict and there being no error, the court did not err in refusing to grant a new trial.

DECIDED NOVEMBER 17, 1925.

Action for breach of contract; from Barrow superior court— Judge Stark.   April 10, 1925.

This is an action for damages by Benchley Brothers Incorporated, of Boston, Massachusetts, against Southern Trading Corporation, of Winder, Georgia. The petition alleged substantially the following: During the year 1920 petitioner, as the agent of the defendant, under and by virtue of previous arrangements with the defendant, sold to Suffolk Overall Company, of Boston, Massachusetts, for the account of the defendant, eight bales of aniline denim cloth at an agreed price, the payment of which petitioner guaranteed. In accordance with the agreement between the parties, the defendant, as soon as the goods were shipped, drew a draft upon petitioner for the purchase price, which draft was paid by petitioner before the arrival of the goods. The sale of the cloth was made by samples furnished by defendant, and defendant contracted with petitioner to furnish goods of "quality like samples." When the goods were received by Suffolk Overall Company they were inspected and found to be inferior in quality to the samples, and Suffolk Overall Company refused to accept them, and they remained in the hands of petitioner. As soon as petitioner ascertained that the goods contained in the shipment were not in accordance with the sale contract, it notified defendant of that fact and also of the fact that the goods had been refused by the purchaser, and tendered all the goods back to the defendant; the tender was refused by the defendant, and it refused to allow any settlement or adjustment, or to do anything for the relief of petitioner, although petitioner had in good faith already paid the drafts drawn upon it by the defendant, believing that the defendant had shipped goods of the quality contemplated by the terms of the contract. Petitioner subsequently disposed of the goods, but for less than the amount which it had advanced on them, and incurred certain necessary expenses. The suit was to recover as damages the amount of the advances plus the expenses, less the proceeds of the sale, and interest.

The defendant interposed general and special demurrers, which

the court overruled, and the defendant filed exceptions pendente lite. On the trial the jury returned a verdict for the plaintiff. The defendant's motion for a new trial was overruled, and it excepted.

*G. A. Johns,* for plaintiff in error.

*Rollin H. Kimball,* contra.

BELL, J. (After stating the foregoing facts.) The petition set forth a cause of action and was therefore good as against the general demurrer. The meritorious grounds of the special demurrer having been met by amendment, the court did not err in overruling all grounds thereof.

Besides insisting upon the usual general grounds of the motion for a new trial, the defendant assigns as error that the charge of the court, in dealing with the contentions of the respective parties, overemphasized the contentions of the plaintiff and stated them more strongly than those of the defendant. Upon examination of the entire charge we are unable to find that any undue prominence was given to the contentions of the plaintiff, or that the charge could have prejudiced the jury in favor of either party's contentions.

The second ground of the motion for a new trial is that the court erred in failing to instruct the jury with reference to the burden of proof. "In the absence of a written request, it is not reversible error for the court to omit to instruct the jury as to the burden of proof in a civil case." *Wade* v. *Eason,* 31 *Ga. App.* 256 (2) (120 S. E. 440).

The defendant further assigns as error the following portion of the court's charge: "Where goods of certain quality are ordered on contract for future delivery and goods of an inferior quality are delivered the measure of damage is the difference between the market value of the goods delivered at the time and place of delivery and the value of goods of the character ordered at the same time and place. If you find that the relation of principal and agent existed, then you are instructed that if upon being notified by the agent that the goods were refused, that the goods were not up to the standard of the sample and the principal refused to instruct the agent as to what to do with the goods, and the agent had paid out its money for the goods and was unable to deliver the goods on account of the goods not being up to the contract, then the agent, in order to protect himself, would be authorized to sell

the goods at the best price obtainable and make such settlement and adjustment of the matter as they might be able to make, using good faith in protecting the rights of their principal, and the agent would be entitled to recover from the principal a sufficient amount to reimburse it for the expenditure made by it in adjusting the matter of its principal after the principal had declined to further participate in the matter and instruct the agent what to do in the premises."

This extract from the charge is excepted to because the first sentence thereof, which, it is claimed, states the correct measure of damage, was nullified by the instructions that immediately followed, as to the damage which might be recovered if there existed between the parties the relation of principal and agent. It is alleged, in effect, that the latter instructions were unsound in law and unwarranted by the facts. If the transaction between the parties was one of purchase and sale, or if. the plaintiff was the defendant's agent, without an interest, the attack upon the above-quoted charge would have been well founded. The case as laid by the plaintiff's petition, however, was predicated upon the theory that the plaintiff's relation to the defendant was one of agency coupled with an interest, and there was ample evidence to authorize the jury to sustain this theory. The first sentence in the above-quoted charge gave the jury the rule which would have been applicable as to the measure of damage, if they had found, in accordance with the defendant's contention, that the plaintiff was a purchaser. The remainder was applicable to the plaintiff's contention as expressed in the petition and as supported by some of the evidence.

"Where a consignment of property is made to a factor for sale, and he makes advances thereon with the consent of or by the direction of his principal, an agency coupled with an interest arises." "Ordinarily an agent must be guided wholly by the wishes or directions expressed by his principal, but in cases of an agency coupled with an interest, unreasonable instructions, detrimental to the agent's interests, may be disregarded." *Gordon* v. *Cobb, 4 Ga. App.* 49 (1, 2) (60 S. E. 821).

If the plaintiff was an agent rather than a purchaser, it became an agent with an interest when it advanced the amount of the purchase-price of the goods sold and, under the principle enun-

ciated in the case just cited (see also Civil Code (1910), § 3575; *John Flannery Co.* v. *James,* 13 *Ga. App.* 425 (3) (79 S. E. 912); *McMekin* v. *Planters Warehouse Co.,* 32 *Ga. App.* 752), was authorized, where the defendant refused to give instructions as to their disposition, to sell the goods, in the exercise of a sound discretion, at such time and in such manner as the usage of trade and its general duty required, and in such case the measure of damage to be recovered was the amount of the advances and necessary expenses, less the amount received from the sale, with interest.

The evidence having authorized the verdict found in the plaintiff's favor, and no error of law having been committed during the trial, the court did not err in denying defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*