36254.   BLACKSTOCK *v.* ATLANTA NEWSPAPERS, INC.,
*et al.*

DECIDED SEPTEMBER 5, 1956.

*Chas. W. Anderson,* for plaintiff in error.

*John E. Dougherty, Arnold & Gambrell,* contra.

NICHOLS, J. The petition alleges that the plaintiff had a contract with the defendant corporation under which he purchased newspapers for a fixed price per paper and resold them for a profit, and that the contract was permanent. The petition does not allege that the alleged contract provided that the plaintiff was bound to purchase a certain number of newspapers from the defendant corporation or that the defendant corporation was bound to sell the plaintiff a certain number of newspapers, and although, according to the petition, the alleged contract was permanent it was not alleged how long such contract was to run.

Assuming but not deciding that there was a contract between the plaintiff and the defendant corporation, such contract was not for a definite time and was terminable at the will of either party by giving notice to the other party. *Electric Railway Co. of Savannah* v. *Tennessee Coal &c. Co.,* 98 *Ga.* 189 (1) (26 S. E. 741) ; *Lederle* v. *City of Atlanta,* 164 *Ga.* 440 (2) (138 S. E. 910) ; *Fairmount Creamery Co.* v. *Collier,* 21 *Ga. App.* 87, 91 (94 S. E. 56) ; and *Chappell* v. *F. A. D. Andrea, Inc.,* 41 *Ga. App.* 413 (153 S. E. 218). The petition in the present case does not allege that notice was not given the plaintiff of the defendant corporation's intention to cancel or terminate the contract, and construing the petition most strongly against the plaintiff, as must be done on general demurrer, the petition failed to set forth a cause of action against the defendants, and the trial court did not err in sustaining the defendants' general demurrers.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*