### 57338. MORRIS v. PARK NEWSPAPERS OF GEORGIA, INC.

BANKE, Presiding Judge.

Summary judgment was granted against the plaintiff in her suit for breach of an alleged oral contract of employment as a distributor for the defendant newspapers. The facts, construed most favorably to the plaintiff, are as follows.

The plaintiff entered into an oral agreement in 1969 with Foy Evans, owner and publisher of the newspaper, to be a distributor for a certain part of Warner Robbins. She bought papers for five cents each and sold them to carriers recruited by her for eight cents. Initially no period of time for the duration of this arrangement was discussed, although after successfully building up her territory, the plaintiff was assured by Mr. Evans she would have her position "as long as he owned the newspaper." The defendant bought the paper from Mr. Evans in 1972 and orally agreed that the plaintiff could "have the route" as long as she produced. In 1975, the paper decided to publish a Sunday edition. This resulted

in a drop in circulation and some pressure on the part of management to have the plaintiff increase circulation in her area. She was fired shortly thereafter. During the period of her association with the paper, the plaintiff bought and used in her operation a vehicle, periodically replaced, as well as office equipment.

In an amendment to her complaint, the plaintiff additionally alleges that certain officials of the newspaper conspired to cause the newspaper to breach its contract of employment with her. *Held:*

1. The motion for summary judgment was properly granted. The agreement between the plaintiff and the newspaper was for an indefinite period. As such it was terminable at the will of either party. *Blackstock v. Atlanta Newspapers,* 94 Ga. App. 313 (94 SE2d 389) (1956); *Bentley v. Smith,* 3 Ga. App. 242 (59 SE 720) (1907).

2. Because of the disposition above, it is unnecessary to decide whether the alleged agreement complied with the Statute of Frauds.

3. The plaintiff relies heavily upon a legal doctrine not recognized in this state, the doctrine of "additional consideration." This doctrine is based upon a recognition that because employment arrangements are often indefinite and hence unenforceable, inequities may be created in situations where the parties anticipated that a long-term employer-employee relationship would exist. In some jurisdictions, the courts have found some extra or added consideration given which resulted in increased job security. Examples are the surrender of a tort claim, or a contribution to the business. The plaintiff contends that because she equipped herself with a vehicle and office equipment to run her distributorship, the newspaper received such a special benefit from her. This contention overlooks two fundamental problems. The first is that the plaintiff's acquisitions of equipment were unilateral and were not given in exchange for any promise of employment. The creation of the employment relationship existed before the equipment was purchased. The second problem is that even in those cases where additional consideration has been found to exist and to have been relied upon by the parties, the employee has not been held to be thereby entitled to employment "for life,"

but rather only for a "reasonable time." See generally, Note, Implied Right to Job Security, 26 Stanford Law Review 335 (1974); Blades, Employment at Will vs. Individual Freedom: On Limiting the Abusive Exercise of Employer Power, 67 Columbia Law Review 1404 (1967). The relationship between plaintiff and defendant in this case existed from 1969 until 1975, certainly a reasonable time.

4. It is noted that the trial court issued no order joining as defendants the alleged conspirators named in the amended complaint. However, the law is clear that, where damage results from an act which would afford no ground of action if done by one alone, the like act would not be rendered actionable because done by several in conspiracy. *Lambert v. Ga. Power Co.*, 181 Ga. 624 (183 SE 814) (1935). A conspiracy to effect what one has a legal right to accomplish is not actionable. *Campbell v. Carroll*, 121 Ga. App. 497 (174 SE2d 375) (1970).

*Judgment affirmed. Underwood and Carley, JJ., concur.*

ARGUED MARCH 5, 1979 — DECIDED APRIL 19, 1979.

*Garland T. Byrd,* for appellant.
*Roy N. Cowart, Pamela M. Richards,* for appellee.