## 57857. HANS GODO FRABEL, INC. v. BRENNAN'S OF ATLANTA, INC.

SHULMAN, Judge.

Appellant-Hans Godo Frabel, Inc. (hereinafter "Frabel") brought suit against appellee-Brennan's of Atlanta, Inc. (hereinafter "Brennan's") to recover damages allegedly arising from the disappearance and breakage of appellant's sculptures while such sculptures were on display at appellee's place of business. This appeal follows the judgment of the trial court, sitting without a jury, in favor of Brennan's. We reverse.

1. A letter mailed to appellant, signed by both the director and manager of Brennan's, formed the basis of appellant's claim. In pertinent part, the letter provided that "henceforth we [i.e., Brennan's] shall be responsible for breakage and theft of any sculpture [on Brennan's premises] and appreciate that you [i.e., appellant] will make repairs for a nominal fee." In its findings of fact and conclusions of law, the trial court sustained appellee's contention that no legal consideration existed for Brennan's promise to bear the risk of loss. Appellant's argument that the court erred in so holding is well taken.

The uncontradicted evidence shows that Frabel agreed to supply and Brennan's agreed to display Frabel's sculptures; that this arrangement between Frabel and Brennan's was terminable at the will of either party; that the parties continued their arrangement after Brennan's promised to bear the risk of loss; and that the loss forming

the subject of this lawsuit was sustained after Frabel received the letter containing Brennan's promise. Since the uncontradicted evidence shows that Frabel continued to supply Brennan's with his works when Frabel was not otherwise legally bound to do so, the contract is not without consideration. Cf. *Whitley v. Powell,* 47 Ga. App. 105 (169 SE 766); *Webb v. Pullman Co.,* 57 Ga. App. 772, 775 (196 SE 477), recognizing that the continuation of work under a contract which is terminable at will supplies the necessary consideration for contract conditions. This being so, the trial court's conclusion that the risk of loss agreement was without legal consideration was erroneous and the judgment which was premised on that erroneous conclusion must be reversed.

2. Because we are reversing the judgment, we find it unnecessary to consider remaining enumerations of error.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 8, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 17, 1979 —

*George M. Fox,* for appellant.
*Charles Ratz,* for appellee.