## 68500. ELDER v. IVEY et al.

DEEN, Presiding Judge.

William H. Elder, Jr., brought suit against John R. Blanks, Julian D. Whiting, William F. Ivey, Lincoln National Life Insurance Company and Lincoln National Sales Corporation. The first count alleged breach of contract against both the Lincoln National companies; the second count was for tortious interference with an employment contract against the Lincoln National companies, Whiting, and Ivey; the third count alleging libel against all the defendants is not an

issue on appeal. Appellant amended his complaint and eliminated Lincoln National Life Insurance Company as a defendant. This appeal is brought from the grant of summary judgment in favor of the defendants. *Held*:

Elder had a special agent contract with Lincoln National Insurance Company which provided: "The agent or company may terminate the agent's appointment under this contract with or without cause by notice sent by ordinary mail to the last known address of the other party."

Summary judgment as to Count 1 was demanded, as this contract provision provided that the contract was terminable at the will of either party, and gives rise to no cause of action against the employer for wrongful termination. See *Ga. Power Co. v. Busbin*, 242 Ga. 612 (250 SE2d 442) (1978). The sole remaining question is whether Ivey and Whiting had the authority to terminate appellant's employment. Whiting's affidavit states: "As Executive Vice President of Lincoln National Sales Corporation of Georgia, I had the absolute right to discharge Elder without consulting anyone else." Ivey's affidavit likewise states that as President of Lincoln National Sales Corporation of Georgia, he had the absolute authority to terminate Elder without consulting anyone else. Whiting's deposition shows that he had previously terminated several special agents of Lincoln National Insurance Company and that his duties included "continuous inflow of quality prospective agents, selection, recruiting, training, hiring, firing [and] motivating [of these agents]." The relationship between Lincoln National Sales Corporation of Georgia and Lincoln Life Insurance Company was fully explained by Ivey in his deposition, and all allegedly conflicting statements made by Ivey in the deposition refer to his authority to bind the corporation to contracts or other agreements, which are a matter quite separate from his authority to fire an agent. The affidavit of Janis Ann Tindall, assistant secretary of Lincoln National Life Insurance Company, states that "for insurance marketing purposes Lincoln National Life Insurance Company has appointed Lincoln National Sales Corporation . . . as its sole general agent. Both Lincoln National Life Insurance Company and Lincoln National Sales Corporation are wholly-owned subsidiaries of Lincoln National Corporation, a publicly held corporation." Ms. Tindall's affidavit further explains the organizational structure of the sales units. Each unit is headed by the sales manager of a district office who is a salaried employee of Lincoln National Sales Corporation. Elder was the district manager of the Macon office whose duties included monitoring all aspects of the sales of agents working out of his office and reporting to Lincoln National Sales Corporation of Georgia. The affidavit of John J. Kindler, Vice President and Director of Lincoln National Sales Corporation of Georgia, as well as Vice President and Director

of other separate but similar sales corporations in several other states, is essentially the same as that of Ms. Tindall. We therefore find that Ivey and Whiting had the authority to terminate Elder's employment contract including his special agent's contract. As there are no issues requiring jury resolution, we find the trial court did not err in granting summary judgment.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

Decided June 20, 1984 —
Rehearing denied July 9, 1984 —

*Thomas W. Talbot*, for appellant.
*Thomas C. Alexander*, for appellees.