70009. LOY'S OFFICE SUPPLIES, INC. v. STEELCASE, INC.
(331 SE2d 75)

CARLEY, Judge.

In 1965, appellant-plaintiff became a distributor of appellee-defendant's products. There was never a written agreement between the parties. The oral agreement was only that the relationship would continue for an indefinite period. In February of 1983, appellee informed appellant that the relationship would be terminated and, several months later, it was. Appellant then filed the instant action, alleging a wrongful termination of its distributorship. Appellee's motion for summary judgment was granted and appellant appeals.

"Generally, an agency is revocable at the will of the principal. . . . If, however, the power is coupled with an interest in the agent himself, it is not revocable at will. . . ." OCGA § 10-6-33. "In the absence of some contractual provision to the contrary, an agency

for a . . . corporation to distribute its products in a certain territory for commissions would not be irrevocable as a power coupled with an interest merely because the agent expends time, efforts, and money to increase the business of the agency. [Cits.]" *Wheeler v. Pan-American Petroleum Corp.*, 48 Ga. App. 378 (172 SE 826) (1933). Thus, in the instant case, "[a]ssuming that an agency was created for an indefinite time, it was revocable by the [appellee] at will inasmuch as it was not coupled with an interest. [Cit.]" *Gunter Bros., Inc. v. Cooper Tire & Rubber Co.*, 87 Ga. App. 626, 627 (74 SE2d 744) (1953). Accordingly, the instant agency agreement "gives rise to no cause of action against the [appellee] for wrongful termination. [Cit.]" *Elder v. Ivey*, 171 Ga. App. 496, 497 (320 SE2d 217) (1984). See also *Cannon v. Geneva Wheel & Stamping Corp.*, 172 Ga. App. 20 (322 SE2d 69) (1984); *West Va. Glass Specialty Co. v. Guice & Walshe, Inc.*, 170 Ga. App. 556 (317 SE2d 592) (1984).

Appellant invokes certain provisions of the Uniform Commercial Code, OCGA § 11-1-101 et seq. However, the agreement underlying this suit was not one governed by the provisions of that statute. See *Dixie Lime & Stone Co. v. Wiggins Scale Co.*, 144 Ga. App. 145 (2) (240 SE2d 323) (1977); *Harris v. Clark*, 157 Ga. App. 549 (1) (278 SE2d 132) (1981).

Appellant also asserts that his action is nonetheless sustainable pursuant to OCGA § 13-3-44 (a): "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." This statute is a codification of the principle of "promissory estoppel," which principle relates to the sufficiency of the consideration to enforce a promise. See *Pepsi Cola Bottling Co. v. First Nat. Bank*, 248 Ga. 114, 116 (2) (281 SE2d 579) (1981). The principle of promissory estoppel merely provides that, in certain circumstances, the reliance by the promisee or third party upon the promise of another is sufficient consideration, in and of itself, to render the executory promise enforceable against the promisor. See generally *Irvin v. Lowe's of Gainesville*, 165 Ga. App. 828, 830 (302 SE2d 734) (1983). This principle has no application in the instant case. There is no contention that appellee made any promise to appellant as to the specific duration of the distributorship, the general understanding being only that it would continue for an indefinite period. Thus, there is no executory promise on the part of appellee to be enforced. Compare *Hans Godo Frabel, Inc. v. Brennan's of Atlanta*, 151 Ga. App. 379 (259 SE2d 649) (1979). "[A] discharged employee's understanding, assumption, and conclusion concerning . . . a contract [terminable at will] certainly are not enforceable." *Buice v. Gulf Oil Corp.*, 172 Ga. App. 93, 95 (322 SE2d 103) (1984).

The trial court did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. Sognier and Benham, JJ., concur. Birdsong, P. J., disqualified.*

DECIDED MAY 3, 1985.

*A. E. Daniel III*, for appellant.
*John R. Lowery*, for appellee.