A97A0517. JONES v. DESTINY INDUSTRIES, INC.
(485 SE2d 225)

BIRDSONG, Presiding Judge.

Appellant Verlon Jones appeals the order of the superior court granting appellee Destiny Industries' motion for directed verdict. Appellant brought suit against appellee for breach of an oral contract. Appellant, who was an exclusive dealer of mobile homes for appellee in Sylvester, Georgia, entered an oral contract with appellee to move his business from Sylvester to Yulee, Florida; appellee agreed to provide appellant with an exclusive dealership sales area in the Florida location. Appellant moved to Yulee and incurred approximately $36,500 in relocation expenses. Appellant operated his dealership in the Yulee area for approximately one year and then contacted and obtained from appellee a commitment that he was to remain the exclusive Destiny dealer in Yulee. Approximately five weeks later, appellee notified appellant that it was terminating its contractual agreement with appellant and had selected a new dealership for its homes.

Appellant enumerates that the trial court erred in granting the directed verdict motion based on its determination that the agreement between appellant and appellee was terminable at will and lacked definite duration. *Held*:

1. The standard for granting a motion for directed verdict is that set forth in *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554).

2. The averred contract in this case was an oral or parol contract. OCGA § 13-1-6 provides: "Parol contracts shall include only contracts in words as remembered by witnesses." Once evidence is admitted as to the terms of an alleged oral contract, applicable rules of contract construction or interpretation will be utilized to determine its scope and effect. The cardinal rule of contract construction is to ascertain the intention of the parties. OCGA § 13-2-3. Where the intent of the parties is clear and unambiguous, the court will look to the contract alone to determine the parties' intent. *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169, 173 (3) (390 SE2d 257). During its judicial examination of a parol contract, the court should apply appropriately the three-step process of contract construction discussed in *Duffett v. E. & W. Properties*, 208 Ga. App. 484, 486 (2) (430 SE2d 858). A contract should be construed by examining the agreement in its entirety and not merely isolated clauses and provisions thereof. Id.

3. Mrs. Jones testified that the move to Yulee was made based on the promises made to them by appellee's agents and that it was her understanding that the Joneses would remain the exclusive dealers for appellee for more than ten months and, at least, for the same four-year time span that they had been the exclusive dealers for them in Sylvester, Georgia. Mrs. Jones believes that Destiny had promised them they would have the line "as long as [they] stayed committed to Destiny," that is, Destiny would never take the line from them as long as they sold Destiny mobile homes exclusively. She also testified as to various promises expressly made and kept by appellee; none of these express promises, however, pertained to the duration of the exclusive dealership contract. Mrs. Jones does not believe appellee treated them fairly because they were not allowed to continue under the exclusive dealership contract in Yulee long enough to recoup their expenses for moving to that area. She conceded that appellee kept all promises except as to the alleged duration of the exclusive dealership contract and the length of time the market area would be protected. However, appellee did protect the exclusiveness of the marketing area until it elected no longer to sell appellant its trailers. Mrs. Jones and appellant entered their "deal," regarding the move to Yulee with appellee Destiny and appellee's vice-president, Donnie Edwards.

Appellant testified and adopted, without objection, the entire testimony of his wife as his own. He further testified as follows: He would not have spent the money, time, effort and trouble to move to Yulee had he expected to have the exclusive Destiny dealership taken away from him in ten months. Appellant conceded that he had gone to Yulee based on a meeting with a Destiny sales representative who told him that the Yulee area had great sales potential, and he talked with a mobile home salesman who worked on the lot at Yulee. It was agreed that appellee's agents would give him a few thousand dollars DAP money (sales incentive payments) in advance to help him liquidate three homes in his Sylvester lot inventory, to pay the interest on that transaction, and "the promise to protect the territory" from encroachment by other Destiny dealers by giving appellant an exclusive Destiny dealership in that area. At the time he made the decision to move to Yulee in reliance on appellee's promises, the only thing appellee had told appellant was that they would give him an exclusive dealership in the Yulee sales area for an indefinite period of time. Appellant never had any discussion with appellee regarding any specific period of time that he would have the exclusive dealership in the Yulee sales area. Rather, appellant merely assumed that he would be able to stay in Yulee as long as he remained committed as an exclusive Destiny dealer. Appellant "assumed it would be indefinite as long as [he] stayed committed" to the exclusive sale of the

Destiny line.

Applying the three-step test of contract construction in *Duffett*, supra, it was a question for the court to determine whether the oral contract was entered for an indefinite term. Appellant conceded in open court that the duration of the oral dealership contract was for an indefinite period of time. Moreover, even assuming appellee promised to continue its exclusive dealership contract "as long as [appellant and his wife] stayed committed to Destiny," any question as to the effect of this phrase in the oral dealership contract created a question for the trial court to determine. The trial court could properly conclude that the duration of the oral contract was for an indefinite period of time. *Barker v. CTC Sales Corp.*, 199 Ga. App. 742 (1) (406 SE2d 88); see generally *Duffett*, supra.

Whether the dealership contract was an agency contract or a contract of employment, the result under the facts of this case remains the same, the oral contract being for an indefinite duration was terminable at will by either party. *Barker*, supra at 742 (1); *Loy's Office Supplies v. Steelcase, Inc.*, 174 Ga. App. 701 (331 SE2d 75); see *Atlanta Dairies &c. v. Grindle*, 182 Ga. App. 409, 410 (1) (356 SE2d 42); *Walker v. Gen. Motors Corp.*, 152 Ga. App. 526 (263 SE2d 266). An indefinite hiring may be terminated at the will of the parties (OCGA § 34-7-1); thus, a promise of employment for an indefinite term is insufficient to support a cause of action for breach of an employment contract. *Barker*, supra at 742 (1). Additionally, OCGA § 10-6-33 pertinently provides that "[g]enerally, an agency is revocable at the will of the principal. . . . If, however, the power is coupled with an interest in the agent himself, it is not revocable at will." "In order to make such a power irrevocable because coupled with an interest, that interest must be in the subject-matter of the power or agency, and not merely in the profits or proceeds resulting from an exercise of the power." *Wheeler v. Pan-American &c. Corp.*, 48 Ga. App. 378 (1) (172 SE 826); accord *Cutcliffe v. Chesnut*, 126 Ga. App. 378, 382 (1) (190 SE2d 800). We find that any power of agency at issue in this case would have been for an indefinite period of time, and would not be coupled with an interest in the agent himself within the meaning of OCGA § 10-6-33; therefore, any such power would be revocable at will. Compare *Wheeler*, supra; *Gunter Bros. v. Cooper Tire &c.*, 87 Ga. App. 626, 627 (74 SE2d 744).

*Miami &c. Farm v. Southern &c. Co.*, 214 Ga. App. 624 (448 SE2d 482), involving a peach crop harvesting agreement that was intended by the parties to continue no more than for a single season, is distinguishable from this case and not controlling. Also distinguishable is *Ray v. Hemphill*, 97 Ga. 563 (25 SE 485), which involves a relationship not merely of principal and agent; it had been expressly stipulated in the contract creating the security in *Ray*,

supra, that the power and agency should be irrevocable and this stipulation was made as a part of the consideration moving to the mortgagee (id. at 567).

Appellant's reliance either on the doctrine of promissory estoppel or on the doctrine of additional consideration is misplaced. The doctrine of additional consideration is not recognized in this state. *Morris v. Park Newspapers &c.*, 149 Ga. App. 674, 675 (3) (255 SE2d 131). Promissory estoppel has no application in the instant case where the promise relied on, if any, was for employment or an agency relationship for an indefinite period. *Barker v. CTC Sales Corp.*, supra at 743 (2); *Loy's Office Supplies v. Steelcase, Inc.*, supra at 702. A discharged agent's or employee's mere understanding, assumption and conclusion concerning the duration for which a contract terminable at will shall remain in full force and effect certainly are not enforceable. Id.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 17, 1997 —
RECONSIDERATION DENIED APRIL 3, 1997 — 
 Before Judge Horkan.

*J. Hugh Gordon*, for appellant.
*Moore, Tyndall & Castellow, Lester M. Castellow*, for appellee.

