A02A1508. ALDERMAN v. CARGO CRAFT, INC.
(573 SE2d 108)

MIKELL, Judge.

Jerry Alderman d/b/a Cargo Craft Distribution Services appeals from the denial of his motion for summary judgment and the grant of Cargo Craft, Inc.'s motion for summary judgment in this action alleging wrongful termination of a distributorship agreement. We affirm.

The relevant facts are undisputed. In 1990, Alderman became the exclusive distributor of vans manufactured by Cargo Craft and provided floor plan financing for the inventory. Ultimately, the relationship between Alderman and Cargo Craft's president, Ashley Paulk, soured, and in 1999, Paulk terminated the arrangement. Paulk repaid Alderman $170,000, which, according to Paulk, represented "all the money that [Alderman] had in the floor plan units on the yard." Alderman does not dispute this assertion.

"Generally, an agency is revocable at the will of the principal. . . . If, however, the power is coupled with an interest in the agent himself, it is not revocable at will."[1] "In order to make such a power irrevocable because coupled with an interest, that interest must be in the subject-matter of the power or agency, and not merely in the profits or proceeds resulting from an exercise of the power."[2] Alderman asserts that the agency created by his distributorship arrangement with Cargo Craft was irrevocable as coupled with an

---

[1] OCGA § 10-6-33.

[2] (Punctuation omitted.) *Jones v. Destiny Indus.*, 226 Ga. App. 6, 8 (3) (485 SE2d 225) (1997), citing *Wheeler v. Pan-American Petroleum Corp.*, 48 Ga. App. 378 (1) (172 SE 826) (1934); accord *Loy's Office Supplies v. Steelcase, Inc.*, 174 Ga. App. 701 (331 SE2d 75) (1985).

interest because he financed Cargo Craft's inventory, thereby giving him an interest in the subject matter of the agency. In support of this argument, Alderman relies on *Southern Trading Corp. v. Benchley Bros., Inc.*,[3] a case dealing with a factor, or an agent to whom a principal had consigned property for sale. In that case, it was held that where the factor "makes advances [on the consigned property] with the consent of or by the direction of his principal, an agency coupled with an interest arises."[4] While the rule remains applicable today, the case is distinguishable on its facts. In *Southern Trading Corp.*, the factor had advanced funds and incurred expenses which the principal had not returned, and the factor sued to recover those funds and expenses. In contrast, the complaint in the case sub judice does not pray for damages for costs incurred prior to the termination of the agency, and the evidence shows that Alderman's investment in Cargo Craft's inventory has been repaid.[5] Accordingly, Alderman's interest in the subject of the agency was extinguished, and he was left with a revocable agency.[6]

Alternatively, Alderman argues that the agency was irrevocable because it was given for a valuable consideration, as held in *Ray v. Hemphill.*[7] *Ray* is distinguishable. In that case, the principal's power to sell secured property upon the borrower's default on certain promissory notes was "a part of the contract creating the security, and was granted for the purpose of effectuating that security; and it was expressly stipulated, as a part of the consideration moving to the mortgagee, that the power should be irrevocable."[8] These factors are absent in the case at bar. It follows that Alderman's agency is not irrevocable for any reason set forth in his brief.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

---

[3] 34 Ga. App. 625 (130 SE 691) (1925).

[4] (Punctuation omitted.) Id. at 628.

[5] Although Cargo Craft's failure to pay interest on the $170,000 is referenced in the complaint, Alderman does not pray for the recovery of interest on funds advanced to Cargo Craft. Rather, Alderman seeks an injunction prohibiting Cargo Craft from distributing vans through any other entity and damages equal to commissions on vans sold subsequent to the termination of the agreement.

[6] See, e.g., *Willingham v. Rushing*, 105 Ga. 72, 75 (31 SE 130) (1898) (factor's power to sell property consigned to him is irrevocable to the extent of his lien for expenses and advances; power defeated when indebtedness discharged).

[7] 97 Ga. 563 (25 SE 485) (1895).

[8] Id. at 566-567; see also *Jones v. Destiny Indus.*, supra at 8-9.

DECIDED OCTOBER 18, 2002

*Gibson & Spivey, Douglas L. Gibson*, for appellant.
*C. Jerome Adams*, for appellee.