A05A0963. PICKLE LOGGING, INC. v. GEORGIA PACIFIC CORPORATION et al.
(623 SE2d 227)

RUFFIN, Chief Judge.

Pickle Logging, Inc. sued Georgia Pacific Corporation ("G-P") and Bud Sheffield, a G-P employee (collectively, "the defendants"), for fraud, promissory estoppel, and breach of an oral contract. The trial court granted summary judgment to the defendants, and Pickle Logging appeals. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[1] We review the trial court's summary judgment ruling de novo, construing the evidence and all reasonable inferences in a light favorable to the nonmovant.[2]

So viewed, the evidence shows that, on May 1, 1998, Pickle Logging and G-P executed a written "Logging and Hauling Contract"

---

[1] See *Anderson v. Med. Center,* 260 Ga. App. 549, 550 (580 SE2d 633) (2003).
[2] See id.

("L&H Contract") for future timber cutting and hauling services to be provided by Pickle Logging. Under the L&H Contract, Pickle Logging agreed to "cut, skid, load, haul and deliver timber to designated facilities if and when requested to do so by purchase orders issued by G-P." It also agreed to furnish, at its own expense, all necessary machinery, tools, and equipment. The contract did not require G-P to provide Pickle Logging with any particular amount of work. And the parties stipulated that the contract could not be "enlarged, modified, or altered, except in writing, signed by duly authorized representatives."

After executing the agreement, Pickle Logging undertook logging operations for G-P on various tracts of land pursuant to purchase orders. The record further shows that, at some point, G-P began preparing property in Providence Canyon known as the Ingram & Legrand ("I&L") tract for harvesting and logging. One particular section of the I&L tract consisted of steep and difficult terrain on which to conduct logging operations.

In August 1998, John Pickle, the sole shareholder and president of Pickle Logging, met with Bud Sheffield, a G-P foresting harvester, to discuss the I&L property. According to Pickle, at the time of the meeting, his company had been trying out or "demo-ing" a new wood chipper, but had decided to return it. Sheffield asked him about the chipper, and Pickle responded that he did not intend to buy it. Sheffield suggested that Pickle use the chipper to cut the hardwood on the I&L property. Pickle declined, stating that he could not make money cutting wood "in that place," which he referred to as the "hell hole." Sheffield then asked Pickle what he would need to make logging operations on the I&L tract lucrative. Pickle responded that if Pickle Logging could haul 60 loads of pine a week for G-P, it would consider working on the I&L tract.

According to Pickle, Sheffield ultimately agreed that G-P would accept 60 loads of pine and 50 loads of hardwood per week in exchange for Pickle Logging working on the steep slope near the canyon on the I&L tract. The pine would be cut from other "timber budget tracts." Pickle testified that Sheffield then confirmed the deal with Doc Skipper, G-P's group procurement manager for the Cedar Springs mill, and Skipper indicated that the mill could accommodate the volumes discussed. Pickle believed that the agreement regarding 60 loads of pine per week was "an ongoing permanent deal." In reliance on Sheffield's assurances that G-P would accept these volumes, Pickle Logging purchased additional logging equipment, including the chipper.

Almost immediately after Pickle Logging commenced work on the I&L and timber budget tracts, G-P began refusing to accept the

specified volumes of pine, and Pickle complained to Sheffield. Sheffield offered reassurances and asked Pickle to "bear with" him. Although G-P almost never accepted the agreed upon volumes, Pickle Logging continued cutting hardwood on the I&L tract until October 1999.

Citing G-P's refusal to accept the specified volumes of wood, Pickle Logging sued the defendants in August 2002, asserting theories of fraud, breach of contract, and promissory estoppel. Each claim revolves around the alleged oral agreement that "if Pickle Logging would cut hardwood [on the I&L tract] at the minimum rate of 50 loads per week, [G-P] would authorize Pickle Logging to cut a minimum of 60 loads of pine per week on level ground."

The defendants subsequently moved for summary judgment on all counts, asserting that no oral agreement existed or — at best — was terminable at will and that the written L&H Contract, which could not be orally modified, imposed on G-P no obligation to accept any particular amount of wood from Pickle Logging. The trial court granted the motion, and Pickle Logging appeals.

We find no error.[3] Pickle Logging does not dispute that the alleged oral agreement falls within the employment context. And under Georgia law, "[a]n oral promise as to an employment contract for an indefinite period of time is not enforceable."[4] Such contract is terminable at will,[5] and violation of its terms will not support a breach of contract claim.[6] Moreover, assumptions about the duration of a terminable-at-will contract are not enforceable.[7]

The record shows that, even if the parties reached an oral agreement in August 1998, it was indefinite as to duration. Pickle testified that the oral arrangement for logging and hauling services would be "an ongoing deal . . . permanent work." He *assumed* that the agreement would last *at least* until the I&L tract was harvested, which had to occur within two years because G-P only had a two-year lease on the tract. Such assumption, however, does not establish a definite period of employment,[8] and an agreement for "permanent employment" constitutes an indefinite hiring that is terminable at will.[9]

---

[3] Although the trial court based its summary judgment ruling on grounds other than those discussed below, a ruling right for any reason will be affirmed. See *Murphy v. Berger*, 273 Ga. App. 798, 801 (1) (b) (616 SE2d 132) (2005).

[4] *Ford Clinic v. Potter*, 246 Ga. App. 320, 322 (540 SE2d 275) (2000).

[5] See OCGA § 34-7-1.

[6] See *Johnson v. MARTA*, 207 Ga. App. 869, 870 (1) (429 SE2d 285) (1993).

[7] See *Jones v. Destiny Indus.*, 226 Ga. App. 6, 9 (3) (485 SE2d 225) (1997).

[8] See id. at 8-9.

[9] See *Atlanta Dairies Cooperative v. Grindle*, 182 Ga. App. 409, 410 (1) (356 SE2d 42)

On appeal, Pickle Logging argues that testimony in John Pickle's affidavit raises a question of fact as to whether the oral agreement was terminable at will. According to Pickle, although he and Sheffield never established when the oral arrangement would end, the two men agreed that Pickle Logging would cut all of the hardwood on the I&L tract. He further testified that, if G-P had accepted the loads of wood as promised, Pickle Logging could have harvested the hardwood on that tract within one year.

A jury issue on whether a contract is terminable at will may be created by evidence that the parties agreed to continue an employment relationship through completion of a particular project.[10] In this case, however, the alleged oral agreement did not simply involve the hardwood harvest on the I&L tract. The arrangement also contemplated that Pickle Logging would cut and haul pine from separate budget tracts at a rate of 60 loads per week. G-P's commitment on the pine loads was key to the agreement and, in Pickle's own words, "an ongoing deal."

Although Pickle's affidavit arguably establishes a time limitation as to Pickle Logging's work with respect to the I&L hardwoods, it does not address the work on G-P's pine timber, which, Pickle hoped, would continue "*at least* until [the] I&L [work] was through."[11] The record thus shows that the alleged oral agreement was indefinite as to duration, terminable at will, and unenforceable.[12] Accordingly, the trial court properly granted G-P summary judgment on Pickle Logging's breach of contract claim.[13]

Moreover, Pickle Logging's promissory estoppel and fraud claims relate directly to promises surrounding the terms of the alleged oral agreement. And "the principle of promissory estoppel has no application where the promise relied on was for employment for an indefinite period."[14] Similarly, the statements on which Pickle Logging relies to show fraudulent misrepresentation "are unenforceable because [the] underlying [oral] employment contract, being terminable at will, was unenforceable."[15] It follows that the trial court properly granted summary judgment on these claims, as well.[16]

(1987); *Jacobs v. Ga.-Pacific Corp.*, 172 Ga. App. 319, 320 (323 SE2d 238) (1984); see also *Loy's Office Supplies v. Steelcase, Inc.*, 174 Ga. App. 701, 702 (331 SE2d 75) (1985) (agency relationship between corporation and distributor of corporation's products that is indefinite as to duration is revocable at will).

[10] See *Lineberger v. Williams*, 195 Ga. App. 186, 187-188 (1) (393 SE2d 23) (1990).

[11] (Emphasis supplied.)

[12] See *Ga. Farm &c. Ins. Co. v. Croley*, 263 Ga. App. 659, 662 (1) (588 SE2d 840) (2003).

[13] See id.; *Johnson*, supra at 870-871.

[14] (Punctuation omitted.) *Balmer v. Elan Corp.*, 278 Ga. 227, 230 (3) (599 SE2d 158) (2004).

[15] (Punctuation omitted.) Id. at 230 (4).

[16] See id. at 230-231 (3)-(4); see also *Simpson Consulting v. Barclays Bank PLC*, 227 Ga.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 16, 2005.

*Richard A. Childs*, for appellant.
*Thomas, Kennedy, Sampson & Patterson, Jeffrey E. Tompkins*, for appellees.

---

App. 648, 658 (5) (490 SE2d 184) (1997) (independent contractors had no promissory estoppel claim relating to alleged contracts that were terminable at will) (physical precedent only), overruled on other grounds, *Williams Gen. Corp. v. Stone*, 279 Ga. 428, 431 (614 SE2d 758) (2005); *Destiny*, supra at 8-9 (trial court properly granted directed verdict to mobile home manufacturer on dealer's breach of contract and promissory estoppel claims arising from termination of exclusive dealership agreement; although dealer incurred significant expense in reliance on manufacturer's promise that dealer would be the exclusive dealership for the mobile homes, the arrangement was for an indefinite period of time and thus terminable at will); *Johnson*, supra (no promissory estoppel or fraud claim based on promises pertaining to terms of terminable-at-will employment).