**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Habersham Atlantic, LLC, Respondent,

v.

Firstar Homes, Inc., Appellant.

Appellate Case No. 2011-190670

―――――――――

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2012-UP-459
Submitted July 2, 2012 – Filed July 25, 2012

―――――――――

**AFFIRMED**

―――――――――

Kenneth C. Hanson and Walter M. Riggs, of Hanson Law Firm, PA, of Columbia, for Appellant.

Ian D. McVey, of Callison Tighe & Robinson, LLC, of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Firstar Homes, Inc. (Firstar) appeals the circuit court's award of damages to Habersham Atlantic, LLC, (Habersham) arguing the circuit court erred in finding a provision in Firstar's promissory note to Habersham to be a payment

schedule rather than a condition subsequent. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Holcim (US), Inc. v. AMDG, Inc.*, 265 Ga.App. 818, 820, 596 S.E.2d 197, 200 (2004) ("[T]he cardinal rule of contract construction is to ascertain the intent of the parties." (quotation marks omitted)); *Brooke v. Phillips Petroleum Co.*, 113 Ga.App. 742, 744, 149 S.E.2d 511, 513-14 (1966) (stating that in determining intent, "that construction will be favored which gives meaning and effect to all of the terms of the contract over that which nullifies and renders meaningless a part of the language therein contained." (internal quotation marks omitted)); *Jones v. Destiny Indus., Inc.*, 226 Ga.App. 6, 6, 485 S.E.2d 225, 226 (1997) ("A contract should be construed by examining the agreement in its entirety and not merely isolated clauses and provisions thereof.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.