**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 20, 2023

# In the Court of Appeals of Georgia

A23A0480. CRAWFORD v. SCOTT et al.

PIPKIN, Judge.

Edward Crawford sued his former business partners, Appellees Duncan and Graham Scott, for multiple causes of action following Crawford's termination of employment from Floorcare Specialists, Inc., ("Floorcare") and subsequent removal from the company's Board of Directors.[1] The trial court granted partial summary judgment on Crawford's claims of wrongful termination and breach of fiduciary duty, and he appeals. For the reasons discussed below, we affirm the partial grant of summary judgment as to Crawford's claims of wrongful termination and breach of fiduciary duty based upon Crawford's wrongful termination. However, we reverse the

---

[1]Crawford also included Floorcare as a party defendant in the cause of action.

grant of summary judgment as to the remainder of Crawford's breach of fiduciary duty claim.

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Yim v. Carr*, 349 Ga. App. 892, 893 (1) (827 SE2d 685) (2019) (quoting OCGA § 9-11-56 (c)). On appeal, "we owe no deference to the trial court's ruling and we review de novo both the evidence and the trial court's legal conclusions. Moreover, we construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." (Citations and punctuation omitted.) *Bryant v. Optima Intl.*, 339 Ga. App. 696, 696 (792 SE2d 489) (2016).

So viewed, the evidence shows that, in January 2019, Crawford was the Chief Financial Officer and Chief Operating Officer of Floorcare. He also served on the Board of Directors with Duncan and Graham and was a minority shareholder in the company. It is undisputed that, at all relevant times, Crawford did not have a written employment contract with Floorcare. On January 2, 2019, Crawford arrived at the office in what appeared to be an intoxicated state. According to Duncan, Crawford

was loud, vulgar, and belligerent, and eventually left the premises. Crawford later contested the allegation that he was intoxicated by providing Duncan with medical records indicating that Crawford might have suffered a hyperglycemic episode, the symptoms of which are consistent with appearing intoxicated. After speaking with other employees about Crawford's behavior, Duncan delivered a termination letter to Crawford on January 18, 2019, ending Crawford's employment with the company. Crawford was subsequently removed from the Board of Directors, but maintained his status as a minority shareholder.

Thereafter, Crawford filed the instant action alleging, among other things,[2] that he was wrongfully terminated and that Appellees breached certain fiduciary duties owed to him, such as "wrongfully terminating Mr. Crawford, failing and refusing to reimburse Mr. Crawford for . . . [e]xpenses, destroying Mr. Crawford's [p]ersonal [p]roperty, and failing to manage and act in the interest of Floorcare."[3] Following discovery, Appellees moved for partial summary judgment on these claims to the extent that they were predicated on Crawford's termination. In their motion,

[2]Crawford also asserted claims for breach of bylaws, judicial dissolution, conversion, and money had and received. Those claims remain pending below.

[3] In their answer to the complaint, Appellees asserted numerous affirmative defenses, including "lack of contract."

Appellees argued that Crawford was an at-will employee who could be terminated without cause, that his status as an at-will employee provided no action for breach of fiduciary duty, and that the business judgment rule prevented relief for a claim of breach of fiduciary duty based upon Crawford's termination from the company. In response, Crawford asserted that there was a genuine issue of material fact as to whether he was an at-will or a contractual employee. Specifically, Crawford argued that he had an implied, verbal, one-year employment contract with Floorcare that, he alleged, placed him within the exceptions of OGCA § 34-7-1.[4] In support of this argument, Crawford relied upon the following portions of his own affidavit:

11. Floorcare's officers, including its President/CEO and its Chief Operations Officer received an annual salary set by the Board of Directors.

12. Floorcare's Board of Directors historically and as a matter of routine practice made annual reviews of its officers at an annual meeting. Its Board of Directors made evaluations concerning the officers and their compensation on an annual basis.

13. Annually at a meeting the Board of Directors approved the renewal of the officer's employment and set the officer's salary during that annual term.

---

[4] Under OCGA § 34-7-1,"[i]f a contract of employment provides that wages are payable at a stipulated period, the presumption shall arise that the hiring is for such period, provided that, if anything else in the contract indicates that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. An indefinite hiring may be terminated at will by either party."

4

14. In 2017, the Board of Directors reduced the officers' salaries by 33% – from $150,000 to $100,000. The Board of Directors committed to reconsider the officer's positions and annual salary with Floorcare in one year, as was Floorcare's practice.

15. In 2018, the Board of Directors renewed the officer[s'] employment at Floorcare for a term of one year at the same salary as provided in 2017.

Crawford also relied on minutes from some of the Board of Directors' meetings that had occurred in 2017 and 2018, and on portions of the employee handbook, to argue that a jury question existed as to whether he had an implied, verbal employment contract. As to his claim of breach of a fiduciary duty, Crawford argued that Appellees "acted in bad faith with the intent of depriving Crawford of his interests in Floorcare" and that, since Crawford's removal, Duncan Scott has "misappropriate[d] Floorcare assets and usurp[ed] corporate opportunities of Floorcare" for the benefit of another company.

After a hearing, the trial court granted Appellees' partial motion for summary judgment for wrongful termination and for breach of a fiduciary duty based upon wrongful termination, finding that Crawford was an at-will employee subject to termination without cause. The trial court also construed the remaining portion of Crawford's claim for a breach of fiduciary duty as "a veiled derivative action" and, sua sponte, granted partial summary judgment on the entire claim.

5

1. On appeal, Crawford maintains that there is a genuine issue of material fact concerning whether he had a verbal, implied, one-year employment contract that was not terminable at-will under OCGA § 34-7-1. We disagree. Even accepting that all of the documents Crawford relies upon are admissible evidence, and viewing those documents in the light most favorable to Crawford, the record shows that there is no genuine issue of material fact establishing a meeting of the minds between Crawford and Appellees that would constitute a valid, verbal, implied employment contract. See OCGA § 13-3-1 ("To constitute a valid contract, there must be . . . the assent of the parties to the terms of the contract, . . ."); *Turfgrass Group Inc. v. Georgia Cold Storage Co.*, 346 Ga. App. 659, 665 (816 SE2d 716) (2018) ("An implied contract only differs from an express contract in the mode of proof; both equally proceed upon the mutual agreement of the parties, and cannot exist without it.") (Citation and punctuation omitted). Indeed, the employee handbook upon which Crawford so heavily relies affirmatively states that all Floorcare employees "*are employed at will.*"

Further, even if we were to assume that Crawford had a verbal employment contract, he has failed to establish, as a matter of law, that the contract was for a definite time. "[U]nder Georgia law, an oral promise as to an employment contract for an indefinite period of time is not enforceable. Such contract is terminable at will,

6

and violation of its terms will not support a breach of contract claim." (Footnotes and punctuation omitted.) *Pickle Logging, Inc. v. Georgia Pacific Corp.*, 276 Ga. App. 398, 400 (623 SE2d 227) (2005). Here, Crawford points to the statements in his affidavit that the Board of Directors made annual reviews of its officers and renewed an officer's employment and salary on an annual basis. This, Crawford argues, created a genuine issue of material fact as to whether he had a verbal employment contract with a definite term. We disagree, as nothing in Crawford's affidavit shows that his annual "wages [were] payable at a stipulated period." OCGA § 34-7-1. Instead, Crawford was given an annual salary while employed at Floorcare, which, as a matter of law, does not establish a definite term. See *Ikemiya v. Shibamoto America, Inc.*, 213 Ga. App. 271, 273 (1) (444 SE2d 351) (1994) (rejecting plaintiff's argument that his employment agreement "was for the definite term of 'one year with automatic renewals' solely because the parties agreed he was to receive an annual salary of $60,000," because "[t]he computation of the salaries on an annualized basis does not turn this compensation term into a duration term"); *American Standard, Inc. v. Jessee*, 150 Ga. App. 663, 665 (1) (258 SE2d 240) (1979) (holding that documents referring to an annual salary merely established the total amount payable during a twelve-month period and not the duration of the contract). Cf. *Freeman v. Smith*, 324

7

Ga. App. 426, 435-436 (2) (750 SE2d 739) (2013) (interpreting provision in an offer letter that employee was "subject to annual renewals," and holding this phrase did not established a definite, specific term of employment where letter also stated employee served "at the pleasure of the President") (overruled on other grounds by *Franklin v. Pitts*, 349 Ga. App. 544 (826 SE2d 427) (2019)). Based on the foregoing, the trial court properly determined that Crawford was an at-will employee and granted summary judgment on the wrongful termination claim.

2. Crawford next contends that the trial court erred by granting summary judgment on the portion of his breach of fiduciary duty claim based upon his wrongful termination. As discussed above, because the trial court properly determined that Crawford was an at-will employee, its grant of summary judgment on this companion claim is, likewise, proper. "It is well settled that a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." (Citations and punctuation omitted) *Bedsole v. Action Outdoor Advertising JV, LLC*, 325 Ga. App. 194, 201 (4) (750 SE2d 445) (2013). Because Crawford was an at-will employee, he cannot show any duty owed to him by Appellees. See *Balmer v. Elan Corp.*, 278 Ga. 227, 228 (2) (599 SE2d 158) (2004) ("Under the at-will employment

8

doctrine, the employer, with or without cause and regardless of its motives may discharge the employee without liability.") (citation and punctuation omitted). Accordingly, this claim fails as a matter of law.

3. Crawford also alleges that the trial court's sua sponte ruling on the remaining portions of his breach of fiduciary duty claim was improper because he was not given sufficient notice or a fair opportunity to respond, and because the trial court erroneously concluded that the remaining portion of Crawford's breach of fiduciary duty claim needed to be brought in a derivative action. We need not address the first allegation, however, because, based upon the record before this Court, we conclude that the trial court erred by granting summary judgment on the remainder of Crawford's breach of fiduciary duty claim at this juncture.

Generally speaking, "allegations of misappropriation of corporate assets and breach of fiduciary duty can only be pursued in a shareholder derivative suit brought on behalf of the corporation, because the injury is to the corporation and its shareholders collectively." (Citation and punctuation omitted.) *Patel v. 2602 Deerfield, LLC*, 347 Ga. App. 880, 884 (819 SE2d 527) (2018). This "general rule is applicable even where the individual is the sole stockholder." (Citation and

punctuation omitted.) *Practice Benefits, LLC v. Entera Holdings, LLC*, 340 Ga. App.

378, 380 (2) (797 SE2d 250) (2017). However, as we have recently reiterated,

> [a] shareholder may bring a direct rather than a derivative action, seeking recovery on behalf of the shareholder individually if the suit alleges a special injury separate and distinct from that suffered by other shareholders, or alleges a wrong involving a shareholder contractual right existing apart from any right of the corporation.

(Citations and punctuation omitted.) *Callicott v. Scott*, 357 Ga. App. 780, 786 (1) (a)

(849 SE2d 547) (2020). And, in order to determine whether a claim is derivative or

direct, a court looks "to what the pleader alleged," because "[i]t is the nature of the

wrong alleged and not the pleader's designation or stated intention that controls the

court's decision." (Citation and punctuation omitted.) *Knaack v. Henley Park*

*Homeowners Assn., Inc.*, 365 Ga. App. 375, 380 (1) (877 SE2d 821) (2022). That

said, "even if a shareholder fails to allege a special injury, it may nevertheless bring

a direct action if the corporation is closely held and the circumstances show that the

reasons for the general rule requiring a derivative suit do not apply." (Citation and

punctuation omitted.) *Patel*, 347 Ga. App. at 885. The reasons for ordinarily requiring

derivative actions are:

> (1) to prevent multiple suits by shareholders; (2) to protect corporate creditors by ensuring that the recovery goes to the corporation; (3) to protect the interest of all the shareholders by ensuring that the recovery

10

goes to the corporation, rather than allowing recovery by one or a few shareholders to the prejudice of others; and (4) to adequately compensate injured shareholders by increasing their share values.

Id. See also *Grace Bros., Ltd. v. Farley Industries, Inc.*, 264 Ga. 817, 819 (2) (450 SE2d 814) (1994); *Thomas v. Dickson*, 250 Ga. 772, 774 (301 SE2d 49) (1983).

Here, Crawford alleged that the majority shareholders in this closely held corporation breached certain fiduciary duties owed to him by 1) failing to reimburse him for expenses, 2) destroying his personal property, and 3) by failing to manage and act in the interest of Floorcare. When the trial court summarily disposed of the first two allegations, it did not consider whether Crawford had alleged a special injury separate and distinct from that suffered by the other shareholders. Further, the trial court did not consider whether the exceptional circumstances for closely held corporations allowed Crawford to bring all three of these claims directly rather than through a derivative action. Because the record is not developed on these points, the trial court prematurely granted summary judgment on the remaining portion of Crawford's breach of fiduciary duty claim. *Guise v. Leoni*, 366 Ga. App. 659, 665 (c) (883 SE2d 892) (2023) (recognizing that, in certain circumstances, it is permissible for a trial court to, sua sponte, issue a ruling on a motion for summary judgment, "but even in those situations, the grant of summary judgment must otherwise be proper");

11

*All Tech Co. v. Laimer Unicon, LLC*, 281 Ga. App. 579, 581 (2) (636 SE2d 753) (2006) (same). Consequently, we reverse this part of the trial court's order granting partial summary judgment.

*Judgment affirmed in part and reversed in part. Rickman, C. J., concurs. Dillard, P. J., concurs fully and specially.*

A23A0480. CRAWFORD v. SCOTT, et al.

DILLARD, Presiding Judge, concurring specially.

I fully concur in the majority's well-reasoned opinion. I write separately to note that nothing in the majority opinion should be understood as suggesting this Court has expressed an opinion as to whether the breach-of-fiduciary-duty claims at issue may be brought via a direct action or must instead be litigated by way of a derivative action. Instead, we leave that determination to be made

by the trial court in the first instance. Suffice it to say, we are a court of review,

"not of first view."[1]

[1] *State v. Jennings*, 362 Ga. App. 790, 796 (1) (c) (869 SE2d 183) (2022) (punctuation omitted); *accord Flanders v. State*, 360 Ga. App. 855, 855 (862 SE2d 152) (2021) (punctuation omitted); *Cutter v. Wilkinson*, 544 U.S. 709, 718 (I) (B) n.7 (125 SCt 2113, 161 LE2d 1020 (2005).